UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ALLEN,                         :    PRISONER
    Plaintiff,                          CIVIL NO. 3:02CV01818 (DJS)(TPS)
                              :
                              :
    V.                                  :
                              :
JOHN J. ARMSTRONG, et al.,          :
    Defendants.                         :    MARCH 31, 2004

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(6), and 28 U.S.C §1915(e)(2)(B) which requires that "the court shall dismiss the case at any time if the court determines that... the action...is frivolous or malicious;… fails to state a claim on which relief may be granted; or…seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii). (emphasis added), and D. Conn. L. Rule 7, the defendants respectfully move to dismiss this matter for the reasons set forth in the accompanying memorandum of law. These reasons include, but are not limited to the following:  First, plaintiff is prohibited under the PLRA from seeking compensatory damages for failure to allege physical injury, or any injury whatsoever, and for failure to fully exhaust all available administrative remedies.  42 U.S.C. § 1997e(a) and (e).  Second, plaintiff is barred by res judicata/collateral estoppel from raising the claims in this repetitive action.  Third, plaintiff's declaratory and injunctive relief claims are moot.  Plaintiff is not a Connecticut prisoner and is not confined in Connecticut.  Fourth, plaintiff's conclusory assertions of denial of "free exercise" of Native American religion are devoid of sufficient allegations of personal involvement and any denial of certain claimed religious articles are so obviously related to prison safety and security as to be dismissed.  Fifth,

plaintiff's alleged denial of certain items, while obviously being provided a Native American chaplain, a medicine bag, smudging materials, and approved headbands does not state a constitutional claim. Sixth, plaintiff's claims, in part, are barred by the statute of limitations. Next, the Eleventh Amendment bars plaintiff's claims for money damages against the defendants in their official capacities. Additionally, defendants have qualified immunity with regard to the claims made in this case. For the additional reasons set forth in the accompanying memorandum, the motion to dismiss should be granted.

DEFENDANTS,
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:___/s/_____
Steven R. Strom
Assistant Attorney General
Federal Bar No. ct01211
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
E-mail: steven.strom@po.state.ct.us

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing Defendants' Motion to Dismiss was

mailed to the following on this 31st day of March 2004:

     John Allen, VADOC # 287059
     Red Onion State Prison
     P.O. Box 1900
     Pound, VA 24279


                          ___/s/_____
                          Steven R. Strom
                          Assistant Attorney General