UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | | PRISONER |
| JOHN ALLEN, | : | CIVIL NO. 3:02CV1818 (DJS)(TPS) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| JOHN J. ARMSTRONG, ET AL., | : | MAY 19, 2004 |
| Defendants. | : | |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER

This action is brought by a Hawaii prisoner against Connecticut DOC officials. Plaintiff seeks money damages for alleged violations of his right to possess certain native American articles, such as a bear claw, a bear skin, furs, crystals, pipe stems, and other objects that DOC officials determined would negatively impact on safety, security, and order in a maximum security prison, such as Northern CI. The defendants also claim  that plaintiff's prior action raised these claims and this action is barred by res judicata. Additionally, claims raised by plaintiff are barred by the statute of limitations. There are a variety of reasons to dismiss this case in its entirety as set forth in the defendants' motion to dismiss, and memorandum date March 31, 2004.

## A PROTECTIVE ORDER IS NECESSARY TO PRESERVE QUALIFIED IMMUNITY

The doctrine of qualified immunity is well established. Government officials are protected from suits against them in their individual capacity for money damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d

396, 102 S. Ct. 2727(1982).  A right is "clearly established" if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987). Where a right is clearly established, "the defendants may nonetheless establish immunity by showing that reasonable persons in their position would not have understood that their conduct was within the scope of the established prohibition."  In re State Police Litig., 88 F.3d 111, 123 (2d Cir. 1996).

    In this regard it was impossible for defendants to foresee that security decisions based on safety and security concerns for contraband and weapons, found constitutional by other courts would violate clearly established rights of plaintiff, see e.g. Bettis v. Delo, 14 F.3d 22 (8th Cir. 1994), in which the Eight Circuit stated, "We also find convincing defendants' arguments that the regulations prohibiting ceremonial  pipes,  medicine bags, eagle claws, and altar stones in ad-seg were necessary because of increased security risks.  See  Turner v. Safley, 482 U.S. 78, 89, 96 L. Ed. 2d 64, 107 S. Ct. 2254 (1987) (" prison  regulation that impinges on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interest"); See also,  Mark v. Nix, 983 F.2d 138, 139 (8th Cir. 1993) (per curiam)(confiscation of rosary with hard plastic crucifix did not violate religious rights). Defendants are entitled to qualified immunity for making legitimate security decisions, which are quintessentially discretionary decisions based on years of experience and professional correctional judgment, when taken within the clear exercise of that professional judgment, would expose the defendants to personal money damages simply because the prisoner plaintiff disagreed with the selected course of religious accommodation chosen by the correctional professionals.

The chronic difficulty with qualified immunity analysis for courts is in accurately defining the right at issue.  An overly narrow definition of the right can effectively insulate the government's actions by making it easy to assert that the narrowly defined right was not clearly established.  On the other hand, as the Supreme Court noted in <u>Anderson</u>, if the right is defined too broadly, "plaintiffs would be able to convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights."  <u>Anderson</u>, 483 U.S. at 639.

In <u>Labounty v. Coughlin</u>, 137 F.3d 68 (2nd Cir, 1998) the Second Circuit warned as follows:

> [I]f the right is defined too broadly, "plaintiffs would be able to convert the rule of qualified immunity that our  cases plainly establish into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." <u>Anderson</u>, 483 U.S. at 639. <u>Labounty</u> at 73-74

This is precisely what the plaintiff does in this case.  Painting with too broad a brush, and alleging conditions by using rhetorical and extreme language, plaintiff alleges in conclusory fashion that he was subjected to denial of his first amendment right to possess certain claimed religious objects.  However, there is not one case which clearly holds that there is a constitutional right to bear claws, finger tip size crystals, fox, ermine or rabbit skins or a bear skin rug.  Such claims for such alleged "liturgical" items, are completely novel, and indeed, not "clearly established" constitutional rights.  <u>Rodriguez v. Phillips,</u>  66 F.3d 470, 475 (2d Cir. 1995).

Since qualified immunity is intended to protect government officials from the harassing and expensive burdens of litigation as well as the threat of monetary damages, courts have encouraged the use of summary judgment as a procedural device to dispose early in the litigation process of those claims barred by qualified immunity.  <u>See</u> <u>Cartier v. Lussier</u>, 955 F.2d

841, 844 (2d Cir. 1992); See also Harlow, 457 U.S. at 818.  Summary judgment is particularly appropriate when the qualified immunity defense is based on a showing that an asserted right was not clearly established since the inquiry as to whether a right was or was not clearly established is "solely a question of law," Weaver, 40 F.3d at 533.

Here, the PLRA gives the Court another procedural tool to dismiss an action where, as here, the defendants are entitled to qualified immunity.  See 28 U.S.C.§1915(e)(2)(B)(iii). Defendants are entitled to dismissal on qualified immunity grounds even if plaintiff's federal rights and the defendant official's permissible actions were clearly delineated at the time of the action complained of, because it was nonetheless "objectively reasonable" for the defendant official "to believe that his acts did not violate those rights."  Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987).  Here, it is objectively reasonable to conclude that items such as bear claws, "gemstones," turquoise pieces, "pipestone totem," animal skins or hides, and bear skin rugs could be used as weapons, or to arm an inmate with defensive shields to fight another inmate or staff.  The prohibition on these contraband items is easily related to reducing contraband which could be used as weapons in prison.  Defendants would have no way of knowing that by denying such items they were violating plaintiff's clearly established constitutional rights, especially where there is no Second Circuit case which clearly establishes the right to possess such items. Accordingly the plaintiff's claims for money damages are barred by qualified immunity and must be dismissed under 28 U.S.C.§1915(e)(2)(B)(iii).

However, in order to protect the defendants from the burdens of voluminous and far reaching document requests, a protective order should enter. Qualified immunity  functions as a judicially-created restraint to the threat of civil punishment. See Magnotti v. Kuntz, 918 F.2d

364, 365 (2d Cir. 1990). "This defense affords not only protection from liability, but, in addition, freedom from suit." Id. at 365 (2d Cir. 1990). <u>Hawkins v. Steingut</u>, 829 F.2d 317, 319-21 (2d Cir. 1987) (when federal law on an issue was far from "clearly established," individuals acting under color of state law could not be held liable under § 1983).

In <u>Eagleston v. Guido</u>, 41 F.3d 865, 872-73 (2d Cir 1994) the Second Circuit affirmed the denial of additional discovery where claims were barred in part by the statute of limitations and qualified immunity. The discovery requested here is not reasonable, and plaintiff has requested sity days until June 19, 2004 to respond to the motion to dismiss. Plaintiff was given Notice on April 1, 2004 that he had 21 days to respond. Plaintiff is using this discovery request to harass and annoy the defendants, where a valid and meritorious motion to dismiss is pending.

<u>CONCLUSION</u>

For all the foregoing reasons, the Motion for a protective order should be granted.

DEFENDANTS
John J. Armstrong, Et Al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:     ___/s/_____
Steven R. Strom
Assistant Attorney General
Mackenzie Hall
110 Sherman Street
Hartford, CT 06105
Tel.:  (860) 808-5450
Fax:  (860) 808-5591
E-mail:  steven.strom@po.state.ct.us
Federal Bar No.  ct01211

## **CERTIFICATION**

I hereby certify that the foregoing Memorandum in Support of Motion to Dismiss was

mailed this 19th day of May2004 to:

John Allen, VADOC # 287059
Red Onion State Prison
P.O. Box 1900
Pound, VA 24279

_____/s/_____
Steven R. Strom
Assistant Attorney General