IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JUN 1 - 2004

John Allen, 287059         :  CIVIL NO. 3:02CV1818 (AWT)(DJS)
        Plaintiff,         :
        v.                 :  AFFIDAVIT OF JOHN ALLEN
John Armstrong, et al.,    :
        Defendants         :

United States District Court
District of Connecticut
FILED AT
6/1/04
By _____

AFFIDAVIT OF JOHN ALLEN

STATE OF VIRGINIA,  :
CITY OF POUND       :  SS

Affiant John Allen, 287059, being duly sworn, on oath, deposes and says:

1. Affiant is a State of Hawai'i prisoner, incarcerated within Connecticut Dept. of Correction, at Northern C.I., and MacDougall C.I., between November 15, 1996, and November 1, 2000.

2. Affiant is an affiliate member of three (3) Native American Indian religious groups, Earthbridge Inc., People of the Red Tail, Red Tail Alliance, Inc., and Pan American Indian Association. See, Exhibits 71, 72, and 73.

3. Affiant was denied the forwarding of religious correspondence from Earthbridge Inc., and Pan American Indian Association, following transfer from Northern C.I., to MacDougall C.I., on Dec. 1, 1999. See, EXHIBIT 26, Inmate Grievance, Level 1, and Exhibit 27, Inmate Grievance, Level 2, Responses from Warden Strange, and James E. Huckabey, Complex Warden.

4. Affiant submitted Inmate Request, dated December 21, 1999, to defendants Bruno, Strange, and Huckabey, to obtain approval/authorization for acquisition of Native American Indian religious ceremonial gemstones, to be retained in medicine bag/pouch. See, Exhibit 15, and Exhibit 16, Inmate Request Form, MacDougall C.I., dated December 21, 1999.

5. Affiant received official letter from defendant Bruno, dated January 5, 2000, denying approval/authorization for acquisition of religious ceremonial gemstones. See, Exhibit 17, and Exhibit 18, Official letter from Rev. Anthony J. Bruno, Director Religious Services, signed by defendants Bruno and Tokarz, dated January 5, 2000.

6. Affiant submitted Inmate Grievances addressing religious ceremonial gemstones, de-

—1—

nial of approval/authorization affirmed by defendants Strange and Huckabey. See, Exhibit 19, Inmate Grievance, Level 1; Exhibit 20, Inmate Grievance, Level 2; Exhibit 21, Official Letter, dated April 4, 2000, from James E. Huckabey, Complex Warden.

7. Affiant received approval for receipt of religious ceremonial gemstones, from Native American Indian spiritual advisor, conducting December 1999 Sweat Lodge Ceremony, submitting Inmate Requests to defendants Bruno, Strange, and Huckabey only as a formality according to Deacon Kieda.

8. Affiant received approval for Special Request to send three ($3.00) dollars for postage to Pan American Indian Association, on December 22, 1999.

9. Affiant received letters from Pan American Indian Association, dated April 15, 2000, concern three religious gemstones sent to Chaplain Rene Kieda. See, Exhibits 47 and 48, Two(2) Letters from Pan American Indian Association, dated April 15, 2000.

10. Affiant submitted Inmate Request, dated April 25, 2000, to defendants Bruno, Tokarz, Strange, and Kieda, to learn disposition or what happened to three (3) gemstones sent by Pan American Indian Association. See, Exhibit 49, Inmate Request Form, MacDougall C.I., dated April 25, 2000; Signed Response from Chaplain Kieda, dated 5/5/00.

11. Affiant received official letter from defendant Bruno, dated May 2, 2000, in response to request dated April 25, 2000. See, Exhibit 50, Official Letter, dated May 2, 2000, from Rev. Anthony J. Bruno, Director of Religious Services.

12. Affiant was never provided nor received any type of official written notification of rejection of correspondence containing three (3) religious gemstones from Pan American Indian Association, or subsequent disposition of unauthorized property received as correspondence.

13. Affiant is Native American Indian, of mixed blood - Mestizo - ancestry, but as a result of systematic and institutionalized racism within U.S. society, persons retaining African ancestry are referred to as Negro or Black.

14. Affiant submitted Inmate Request, on August 4, 2000, to defendant Levesque, to obtain change or correction of incomplete racial heritage data, for incorporation into Inmate File or Records, and Inmate Identification Card, from current designation B- for Black, to include Mexican or Hispanic, and Native American or Indian designations. See, Exhibit 58, Inmate Request Form, Northern C.I., dated August 4, 2000, Inmate Copy.

15. Affiant received official letter from defendant Levesque, dated August 16, 2000, which acknowledged receipt of August 4, 2000, Inmate Request, but failed or refused to act to change or correction of incomplete racial heritage data. See, Exhibit 59, Official Letter, dated August 16, 2000, from Fred Levesque, Director, Offender Classification and Population Management.

16. Affiant's inaccurate and incomplete racial heritage classification or designation as Black, has subjected affiant to cultural, ethnic, racial, and religious discrimination reflected in various Dept. of Correction officials referral to Native American Elder for suggested

-2-

grievance in access to sacred religious ceremonial items for retention in medicine bag/pouch, and access to totemic ceremonial items.

17. Affiant submitted Inmate Request, dated Jan. 10, 2000, to defendants Bruno and Tokarz, to obtain approval/authorization for acquisition of religious ceremonial items to be retained in medicine bag/pouch - bear shape piece of pipestone - totem fetish, and genuine black bear claw or tooth. See, Exhibit 22, Inmate Request Form, MacDougall C.I., dated Jan. 10, 2000, Inmate Copy.

18. Affiant received official letter from defendant Tokarz, dated January 18, 2000, informing affiant selected items for Medicine Bag will hopefully be available from the Commissary in the near future, further suggesting affiant see Elder Mark Allen regarding contents of your Medicine Bag, and that he can instruct on significance of items placed in a Medicine Bag, etc. See, Exhibit 23, Official Letter, dated January 18, 2000, from Jack Tokarz, Deputy Commissioner.

19. Affiant submitted Inmate Request, dated January 31, 2000, to defendants Bruno and Tokarz, to obtain approval/authorization for acquisition of religious ceremonial item - black bear skin - totem prayer rug, bath towel size. See, Exhibit 32, Inmate Request Form, MacDougall C.I., dated January 31, 2000.

20. Affiant received official letter from defendant Tokarz, dated February 9, 2000, informing affiant of denial of bear skin, prayer rug does not have to be animal hide, and suggesting affiant see Elder Mark Allen about this matter. See, Exhibit 33, Official Letter, dated February 9, 2000, from Jack Tokarz, Deputy Commissioner.

21. Affiant submitted Inmate Grievance, addressing denial of approval/authorization for acquisition of religious ceremonial items, bear shape piece of pipestone - totem fetish, genuine black bear claw or tooth, and black bear skin prayer rug. Both level 1 grievance responses suggested affiant address these issues with Elder Mark Allen. See, Exhibit 24, Inmate Grievance Form, Level 1, Response from Larry Myers, Warden, Northern C.I., and Exhibit 34, Inmate Grievance Form, Level 1, Response from Larry Myers, Warden, Northern C.I.

22. Affiant submitted level 2 appeal, to Complex Warden Murphy, addressing denial of approval/authorization for acquisition of religious ceremonial items, bear shape piece of pipestone - totem fetish, genuine black bear claw or tooth, and black bear skin - totem prayer rug. Both level 2 responses identical, suggesting Elder Mark Allen can instruct you on the significance of items placed in a Medicine bag and assist with other appropriate items, etc. See, Exhibit 25, Inmate Grievance Form, Level 2, Response from B Murphy, Complex Warden; and Exhibit 35, Inmate Grievance Form, level 2, Response from B. Murphy.

23. Affiant was a Native American Indian religious practitioner, twenty-four (24) years prior to transfer under Interstate Corrections Compact to Connecticut D.O.C.; affiant was responsible for the establishment and recognition of Native American Indian religious practice and observance within Hawaii, Dept of Public Safety, Corrections Division.

24. Affiant was donated religious liturgical head band by American Indian Services, Corp., through John Cox program; the Native American Indian organization Hawaii, Dept

-3-

public safety require affiant to affiliate within the State of Hawaii. See, Exhibit 70, Memo from Bruce Spencer, dated 10/17/96, Subject: Authorized Religious Items.

25. Affiant had religious liturgical headband confiscated and placed in property storage upon transfer to Connecticut D.O.C., at Northern C.I., on November 15, 1996, due to lack of Correction Division policy for access and retention for Native American Indian religious practitioners, although other religious affiliations permitted access and retention of religious liturgical headwear; subjecting affiant to cultural, ethnic, racial, and religious insidious discrimination of Native American Indian belief, heritage, and tradition, from November 15, 1996, until September 2000, continuous violation of First and Fourteenth Amendment constitutional rights of freedom of religious expression and denial of equal protection of the law.

26. Affiant on April 15, 1999, began a campaign for reinstatement of religious liturgical headband within Connecticut D.O.C., through Inmate Request submitted April 15, 1999, to obtain and wear religious liturgical headgear known as headband held in property storage. See, Exhibit 1a, 1b, Inmate Request Form, Northern C.I., dated April 15, 1999, submitted to Rev. Hicks.

27. Affiant received response from defendant Atley, Native American Chaplain, dated 6/16/99, informing of discussion and review with Unit Manager. See, Exhibit 1a, 1b, Inmate Request Form, Northern C.I., dated April 15, 1999; Response from Chaplain Atley, dated 6/16/99.

28. Affiant submitted Inmate Request, dated June 17, 1999, to defendant Kearney, to obtain official approval from prison administration to wear religious liturgical headband. See, Exhibit 2, Inmate Request Form, Northern C.I., dated June 17, 1999.

29. Affiant received Official Memo from defendant Kearney, dated July 20, 1999, which denied request to wear religious liturgical headband. See, Official Memo from Major Neal H. Kearney, dated July 20, 1999; Exhibit 3.

30. Affiant submitted Inmate Grievance, level 1, addressing denial of wearing religious liturgical headband, which was affirmed by M. Lajoie. See, Exhibit 4, Inmate Grievance, level 1, Response level 1 reviewer M. Lajoie, dated 7/12/99.

31. Affiant submitted Inmate Grievance, level 2 appeal, receiving Compromised Disposition, from subsequent arbitrary and capricious approval by Warden Myers; bandanna may be worn as a headband during in cell activities only, and is not to be worn outside of the cell, etc. See, Exhibit 5, Inmate Grievance, level 2, Date of Disposition 08/23/99.

32. Affiant wrote official letter to defendant Bruno, dated August 2, 1999, specifically addressing lack of specific state policy regarding wearing and retention of religious liturgical headgear known as a headband. See, Exhibit 10a, 10b, Official Letter from John Atley, dated August 2, 1999.

33. Affiant received official letter from defendant Bruno, dated August 3, 1999, addressing lack of specific policy on Native American headbands, expressly stating this issue is presently being evaluated, etc. See, Exhibit 11, Official Letter, dated August 3, 1999, from Rev. Anthony J. Bruno, Director of Religious Services.

-4-

34. Affiant received official letter from James C. Ames, Connecticut Correctional Ombudsman, dated August 31, 1999, regarding complaint about lack of Dept. of Correction policy on religious liturgical headgear known as a headband. See Exhibit 12a, 12b, Official Letter, dated August 31, 1999, to John Alley, from James C. Ames; See Exhibit 12c, 12d, Official Memorandum, dated August 31, 1999, to Rev. Anthony J. Bruno, Director, Office of Religious Services, from James C. Ames, Connecticut Correctional Ombudsman.

35. Affiant submitted Inmate Request, dated August 26, 1999, to defendant Myers, to obtain official approval/authorization to wear religious liturgical headband outside of cell, following arbitrary and capricious decision restricting wearing only in affiant's cell. See Exhibit 6a, 6b, Exhibit 7a, 7b, Inmate Request Form, Northern C.I., dated August 26, 1999; Response from L. Myers 8/27/99.

36. Affiant submitted Inmate Grievance, Level 1, addressing restriction of wearing religious liturgical headband only in the cell, although other religious affiliations permitted to wear religious liturgical headwear at all times. See, Exhibit 8, Inmate Grievance, Level 1.

37. Affiant submitted Inmate Grievance, Level 2, and Level 3 appeal, on restriction of wearing religious liturgical headband only in the cell, based upon arbitrary and capricious decision, although other religious affiliations not restricted. Both Level 2 and Level 3 reviewers refer to the same issue being under review by Religious Services. See, Exhibit 9, Inmate Grievance, Level 2, and Level 3.

38. Affiant submitted Inmate Grievance, Level 1, addressing denial of receipt of religious liturgical headbandannas received from Hawaii, after receipt of other personal property from Property Officer Pepe, on September 20, 1999. See, Exhibit 13, Inmate Grievance, Level 1.

39. Affiant received official letter sent to defendant Kearney, dated June 21, 1999, from Halawa Correctional Facility, Residency Section Supervisor Linda Sandin, pursuant to Inmate Grievance, Level 1 response on denial of receipt of religious liturgical headbandannas. See, Exhibit 14a, b, Official Letter from Linda Sandin, dated June 21, 1999; To Neal H. Kearney, Major; and Exhibit 13, Inmate Grievance Level 1 Response L. Myers 11/23/99.

40. Affiant was denied receipt of four religious liturgical headbandannas due to lack of current Dept. Religious Services policy still pending review and decision.

41. Affiant submitted Inmate Request, dated December 10, 1999, to defendant Cleaver, to obtain official approval/authorization to wear religious liturgical headband, comparable to religious headgear worn by other religious affiliations, and non-religious headwear. See, Exhibit 14, Inmate Request Form, MacDougall C.I., dated December 10, 1999; Referred to Deacon Rene Kreda for response dated 12/10/99.

42. Affiant received verbal approval from defendant Cleaver, permitting wearing of religious liturgical headbandanna only in Unit housing and recreation areas. Upon reassignment to Unit, affiant received verbal approval from Capt. Quinones, permitting wearing of religious liturgical headbandanna only in Unit housing and recreation areas, pending decision from Religious Services.

-5-

43. Affiant sent to Admissions and Processing on January 18, 2000, for receipt of personal property forwarded to MacDougall C.I., from Northern C.I., included were four sacred religious liturgical headbandannas, which were denied to affiant due to current lack of authorization for access and retention under Correction Division, Property Matrix, and Religious Services.

44. Affiant informed by Property Officer Hernandez, affiant must send out unauthorized property within thirty (30) days.

45. Affiant submitted Inmate Grievance, addressing denial of receipt of four sacred religious liturgical headbandannas; response specifically recognizes lack of approval for affiant's possession under A.D. 10.8 Religious Services, and A.D. 6.10 Inmate Property. See, Exhibit 28, Inmate Grievance, Level 1, Level 1 reviewer Warden Strange 2/28/00.

46. Affiant submitted Inmate Grievance, Level 2 appeal, addressing denial of receipt of four sacred religious liturgical headbands; response specifically recognizes that review of wearing of headbands is still in process. See, Exhibit 29, Inmate Grievance, Level 2, Level 2 reviewer James E. Huckabey 04/04/00.

47. Affiant placed in Restricted Housing Unit (RHU), on January 22, 2000, upon concluding religious liturgical headbandanna authorized through verbal approval from Capt. Quinones, for wearing in J Unit housing and recreation areas, J Unit, confiscated inmates personal property items being worn from General Population.

48. Affiant submitted Inmate Grievance, addressing confiscation of religious liturgical headbandanna authorized for wearing and retention in J Unit housing and recreation areas upon verbal approval; Level 1 response denies actual confiscation although standard procedure upon placement in RHU from General Population. See, Exhibit 30, Inmate Grievance, Level 1, Level 1 reviewer Warden Strange 2/25/00.

49. Affiant submitted Inmate Grievance, Level 2 appeal, addressing confiscation of religious liturgical headbandanna authorized for wearing and retention in J Unit housing and recreation area upon verbal approval of Capt. Quinones; affiant's Level 2 appeal response acknowledges confiscation of headbands as contraband. See, Exhibit 31, Inmate Grievance, Level 2, Level 2 reviewer James E. Huckabey 04/17/00.

50. Affiant submitted Inmate Grievance, addressing restriction of wearing religious liturgical headband only in H Unit and J Unit housing living areas and recreation areas, as cultural, ethnic, racial, and religious discrimination of Native American Indian heritage and tradition, due to other religious affiliations permitted wearing of religious liturgical headgear at all times throughout institution; affiant's Level 1 response received from defendant Myers, Warden, Northern C.I., although addressing restriction at MacDougall C.I., but reiterates affiant's wearing only in your cell and during smudging. See, Exhibit 38, Inmate Grievance, Level 1, Level 1 reviewer H. Myers 3/7/00.

51. Affiant submitted Inmate Grievance, Level 2 appeal, addressing restriction of wearing religious liturgical headband only in H Unit on J Unit housing and recreation areas, as cultural, ethnic, racial, and religious discrimination, and the arbitrary and capricious decisions of defendants Cleaver and Strange; affiant's Level 2 appeal response refers to wearing headgear in your cell and during smudging, and emphasizes still pending decision to have liturgical headgear available from Commissary. See, Exhibit 39, Inmate Grievance, Level 2, Level 2 reviewer B. Murphy 03/14/00.

— 6 —

52. Affiant was verbally informed by defendants Allen and Ayers concerning provision for purchase of leather deerskin headband available through Commissary, in August 2000.

53. Affiant wrote formal letter to defendants Bruno and Tokarz, dated August 16, 2000, requesting clarification of provision for acquisition of religious liturgical headband; affiant sought to emphasize religious aspect due to conflict with religious belief regarding the purchasing of sacred religious ceremonial items; specifically requesting a statement "in writing" pertaining to D.O.C. policy on the issue. See, Exhibit 60a, 60b, Formal letter to Rev. Anthony Bruno, Director, Religious Services, with copy to Deputy Commissioner Tokarz, dated August 16, 2000, from John Allen #81468.

54. Affiant submitted Purchase Request, dated September 5, 2000, to defendants Bruno and Tokarz, to obtain approval/authorization for donated headband, due to religious belief against buying or purchasing of religious liturgical/ceremonial items. See, Exhibit 61, Purchase Request Form, Northern C.I., dated September 5, 2000.

55. Affiant received two (2) official letters from defendant Tokarz, dated September 15, 2000, in response to August 16, 2000 letter, and September 5, 2000, Purchase Request, informing "in writing" of current D.O.C. policy pertaining to wearing of headgear, availability of headband for sale in the Commissary, and prohibition on donation through requirement for headbands obtainable only through the Commissary; subjecting affiant to denial of religious expression and invidious cultural, ethnic, racial, and religious discrimination of Native American Indian sincerely held religious belief. See, Exhibit 62, Official letter from Jack Tokarz, Deputy Commissioner, dated September 15, 2000; and Exhibit 63, Official letter from Jack Tokarz, Deputy Commissioner, dated September 15, 2000.

56. Affiant was required to sign and comply with Individual Smudging Agreement, at both Northern C.I., and MacDougall C.I., which prohibited the receipt of donated smudging materials from Native American Indian religious groups, through provision for personally purchase all smudging materials, also prohibition on affiant to give, lend, or share any smudging materials; subjecting affiant to cultural, ethnic, racial, and religious invidious discrimination of Native American Indian sincerely held religious belief, pertaining to buying or purchasing of sacred religious ceremonial items, and ceremonial sharing of good fortune of Great Spirit's blessing through Give Away ritual. See, Exhibit 45, Individual Smudging Agreement, for Northern C.I., dated 2-17-2000; and Exhibit 46, Individual Smudging Agreement, for MacDougall C.I., dated December 8, 1999.

57. Affiant was provided Receipt of Smudging Material, dated 12/8/99, from Deacon Rene Krieda. See, Exhibit 44, Receipt of Smudging Materials, MacDougall C.I., dated 12/8/99, signed and dated by John Allen and Chaplain Krieda.

58. Affiant received unofficial Receipt of Smudging Materials, dated and reviewed by defendant Allen, with missing ceremonial smudging items, Flat Cedar and Sage, not signed or dated for receipt by affiant. See, Exhibit 43, Unofficial Receipt of Smudging Materials, prepared 3/23/00, signed and reviewed by Chaplain Allen 3/23/00.

-7-

59. Affiant discovered religious ceremonial medicine bag damaged upon receipt of personal property following transfer back to Northern C.I., from MacDougall C.I.; property officer Bepe note damage to medicine bag/pouch on Personal Property Inventory Receipt Form.

60. Affiant submitted Inmate Grievance, addressing damage to religious ceremonial medicine bag/pouch. See, Exhibit 36, Inmate Grievance, Level 1, Level 1 reviewer L. Myers, 2/29/00.

61. Affiant submitted Inmate Grievance, Level 2 appeal address damage to religious ceremonial medicine bag/pouch. See, Exhibit 37, Inmate Grievance, Level 2, Level 2 reviewer B. Murphy 03/08/00.

62. Affiant submitted two (2) Inmate Requests, dated March 21, 2000, to defendants Bruno and Tokarz, to obtain approval/authorization for acquisition of religious ceremonial medicine pipe and pipe bag; and genuine ermine, fox, or rabbit hides to wrap hair worn in traditional Native American Indian braided hairstyle. See, Exhibit 40, Inmate Request Form, Northern C.I. dated March 21, 2000; and Exhibit 41, Inmate Request Form, Northern C.I., dated March 21, 2000, Inmate Copy.

63. Affiant received official letter from defendant Tokarz, dated March 27, 2000, informing that ermine, fox, and rabbit hides, and pipe not authorized. See, Exhibit 42, Official letter from Jack Tokarz, Deputy Commissioner, dated March 27, 2000.

64. Affiant submitted Inmate Grievances, Level 1, addressing violations of religious expression and denial of equal protection of the law, through cultural, ethnic, racial, and religious invidious discrimination, which were rejected and returned unprocessed by defendant DiGennaro. See, Exhibit 51, Inmate Grievance, Level 1, rejected and returned unprocessed; Exhibit 52, Inmate Grievance, Level 1, rejected and returned unprocessed; Exhibit 53, Inmate Grievance, Level 1, rejected and returned unprocessed; and Memo dated May 4, 2000, from Grievance Coordinator DiGennaro, Exhibit 54; Exhibit 55, Inmate Grievance, Level 1, rejected and returned unprocessed; Exhibit 56, Inmate Grievance, Level 1, returned unprocessed; and Memo dated May 30, 2000, from Grievance Coordinator DiGennaro, Exhibit 57.

65. Affiant submitted Inmate Requests, dated March 30, 2000, and August 1, 2000, on issue of Inmate Grievances, pertaining to religious violations. See, Exhibit 67, Inmate Request Form, Northern C.I., dated March 30, 2000; and Exhibit 68, Inmate Request Form, Northern C.I., dated August 1, 2000.

66. Affiant submitted Inmate Requests, dated September 6, 2000, to defendants Coates and DiGennaro, pertaining to unreturned Inmate Grievances, pertaining to religious violations. See, Exhibit 64, Inmate Request Form, Northern C.I. dated September 6, 2000, to Major Coates; Exhibit 65, Inmate Request Form, Northern C.I. dated September 6, 2000, to Grievance Coordinator DiGennaro; and Exhibit 66, Inmate Grievance, Level 1, returned unprocessed.

67. Affiant had Inmate Grievances, Level 1, addressing violations of religious expression and denial of equal protection of the law, through cultural, ethnic, racial, and religious

-8-

invidious discrimination, separated and returned unprocessed due to placement Abuse of Grievance Procedure affirmed by defendant herein. See, Exhibit 69, Inmate Grievance, Level 1, Level 1 reviewer M. Lajoie 4/11/00.

68. Affiant has placed Exhibits 1 thru 74, in the official court record, to demonstrate First and Fourteenth Amendment constitutional violations of denial of freedom of religious association through affiliate membership in Native American Indian religious groups, denial of freedom of religious expression, from denial of access to receiving of religious liturgical head band due to lack of D.O.C. policy; requirement for buying or purchasing of religious ceremonial items only through Commissary, through prohibition on donation direct from Native American Indian religious groups; denial of change or correction of inaccurate and incomplete racial heritage information; which Connecticut D.O.C. officials and employees have deliberately, intentionally, and purposefully failed to address in Motion to Dismiss, dated March 31, 2004.

69. Affiant is unable at the present to frame an adequate and reasonable responsive pleading due to the ambiguous nature of defendants' Motion to Dismiss, dated March 31, 2004, from the discriminatory, partial, and selective addressing of claims and issues, without the providing of a clear, comprehensive, and concise understanding of the totality of actual claims and issues before the Court.

70. For the reasons stated herein, and the attached Exhibits 1 thru 74, affiant prays this Honorable Court will grant a Motion for More Definite Statement. To Require Defendants To File Complete, Full, and Comprehensive Motion to Dismiss.

Further affiant says naught.

I declare under penalty of perjury the foregoing document and exhibits, to be true and accurate to the best of my knowledge, information, and belief.

Dated: Pound, Virginia, May 25, 2004

_John Allen_
John Allen 281059       Plaintiff Pro Se
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279

## CERTIFICATION

I certify that a copy of the foregoing documents was placed in

- 9 -

U.S. Mail, postage prepaid, on May 28, 2004, for service on party listed below:

Steven R. Strom,
Assistant Attorney General, State of Connecticut
110 Sherman Street
Hartford, Connecticut 06105
Attorney for Connecticut DOC Defendants

John Allen
John Allen 282059    Plaintiff Pro Se
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279