# CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

Date: April 15, 1999

HOUSING UNIT:   I   II   III          EAST or WEST          Cell # 225
(Circle One)

Inmate Name: John Allen          Number: 251468

Request: To obtain and wear Native American Indian religious litugical headgear known as headband currently held or stored in Property Storage area. Representative of the Great Circle of Life, or Great Wheel of Life. All nature is represented in circular form, the sun, moon, stars, and earth, the trees and plants, with their
(Continue on back if necessary) * see back *

Submitted to: Rev. Hicks          Date Received: _____

Acted on by: Native American Chaplain Allen

Action taken and/or response: In the process of reviewing and discussing your request with the Unit Manager Captain Chapdelaine. I my use of headband no security or safety issue.

Date of Response to Inmate: 6/16/99

Signature of Staff Member: Chaplain Allen

NCI 050

Exhibit 1a

flowers, and fruit, such as, apples, oranges, bananas, etc, our own bodies and the bodies of all other creatures on earth, are circular in shape or form.

The Native American Indian tradition, cultural, religious, and spiritual all rely upon the natural order of life. All homes as, teepees, wig-wams, long houses, etc; camp sites and communities; places of worship, sweat lodges and hogans were built in a circular shape or form. Religious and spiritual ceremonies utilize a circular motion, facing the east, the south, the west, the north, the Four Great Directions, with the Native American Indian at the center of the Creator's Universe on Mother Earth.

The wearing of the headband, not known by any other name, but misconceived as sweatbands, kerchiefs, bandannas, and many other misno-mers, although these type items may be utilized to satisfy prison ad-ministration safety and security concerns. Traditionally, headbands were made from and decorated with animal parts or products, as bones, porcupine quills, skins, etc., later cloth, string and beads from white traders. Wearing the headband place in spiritual contact with other wearers, it continually reminds us of our connection with the Great Spirit (God), and our duties to the Creator, our fellow humans, our families, ourselves, our extended families and com-munities. It continually reminds us to be thankful for good health, physical, mental, emotional, and spiritual well being. It also reminds us every time we reach up to touch it for any reason, to pray for the people. In the ways of our ancestors and for the future of our peoples.

Evidence of the wearing of headbands by Native American Indian people may be seen in many museums or in history and an-thropology books.

opy sent to:

haplain Hicks    Response - Forward request to director of Religious Services
aptain Chapdelaine    No response
larden Larry Myers    No response
ounselor Andrade - Response - Acknowledge receipt of request

Exhibit 1b

# CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

Date: June 17, 1999

HOUSING UNIT:   I   II   (III)        (EAST)  or  WEST        Cell # 113B
(Circle One)

Inmate Name: John Allen        Number: 251468

Request: To obtain official approval from prison administration to wear Native American Indian religious liturgical headgear known as headband, presently held in personal property in facility Storage area. Please provide Native American Indian spiritual advisor, Mark Allen with any information related to prison safety and security concerns matters. The headband is

(Continue on back if necessary)  **See back**

Submitted to: Major Kearney        Date Received: _____

Acted on by: _____

Action taken and/or response: _____

_____

_____

_____

_____

_____

_____

Date of Response to Inmate: _____

Signature of Staff Member: _____

NCI 050 (Revised 02-09-96)

Exhibit 2



**STATE OF CONNECTICUT**
**Department of Correction**
**Northern Correctional Institution**
**287 Bilton Road/P. O. Box 665**
**Somers, CT 06071**

TO:        I/M John Allen #251468  (3E-113B)

FROM:    Major Neal H. Kearney

DATE:     July 20, 1999

SUBJECT:    Inmate Request

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Your request to wear your Native American Indian religious liturgical headgear is being denied at this time due to security concerns. Please note that this policy is being reviewed by the Director of Religious Services for the department and once a decision has been reached, you will be notified as to whether or not we all allow them at Northern CI.

Please be patient and you will be hearing from me in the near future.

Neal H. Kearney, Major

NK/ir

c:    Warden Myers; Majors (2); Reverend Hicks; Captain Chapdelaine, Unit Manager

Exhibit 3



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name **John Allen**

Facility **Northern Correctional Institution**    Housing unit **3 East 113B**    Inmate No. **251468**    Date **June 28, 1999**

☒ Line grievance    ☐ Line emergency    ☐ Health grievance    ☐ Health emergency

1. Informal resolution. Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

On April 15, 1999, I submitted a written request to obtain and wear Native American Indian religious liturgical headgear known as a headband. On June 17, 1999, I submitted a written request to Major Kearney for official approval from prison administration, to wear a headband. I have not received any action on either written request to wear a headband in observation of my religious beliefs as a Native American Indian religious pratitioner. The headband is worn at all times in the same manner and respect that a Christian wears a cross or crucifix, As Jews wear a yalmuke and Muslims wear a kuffi. April 15, 1999, written request submitted to Chaplain Chapdelaine, Counselor Andrade Chaplain Hicks, and Warden Myers, no official action taken, June 17, 1999, written request to Major Kearney asked him to contact Mark Allen, Native American Indian spiritual advisor.

3. Action requested. Describe what action you want taken to remedy the grievance.

To obtain and wear Native American Indian religious liturgical headgear known as a headband, presently held in personal property in storage area.

Inmate signature **John C. Allen**

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no. **141. 99. 462**    T no.

Date received **JUN 29 1999**    Disposition **Denied**    Date of disposition **7/12/99**

Grievance issue    Wants approval to wear Native American religious headband.

Reasons    This grievance is being denied because Northern C.I. is not allowing you to have the Native American religious headband. This headband has been deemed a security concern and will be stored in your property. The Elder was spoken to and he said this is not something you have to have if it is a safety concern.

*Exhibit 4*

Level-1 reviewer **M. Pagni**    **7/12/99**

# Inmate Grievance Form B, Levels 2 and 3

## Connecticut Department of Correction

CN 9601B
7-1-98

| Inmate name | John Allen | | Inmate No. | 25/468 |
|---|---|---|---|---|

Facility __Northern Correctional Institution__    Housing unit __3 East 113B__    Date __July 12, 1999__

| [X] Line grievance | [ ] Line emergency | [ ] Health grievance | [ ] Health emergency |
|---|---|---|---|

IGP no. __141.99.462__    T no. ____

Use this form to appeal a Level -1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because the level one decision fails to state a specific security concern or safety concern. The headband is a kerchief/bandeanna type piece of cloth material readily inspectable by correctional officers or staff. This particular headband was officially authorized for my use at the Halawa High Security Facility, Area, Hawaii. Violates NCC Adm. Dir. 10-8(4); 10-8(5)(B) 10-8(5)(C); cett.

Inmate signature __John Allen__    Date __July 12, 1999__

### FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

| Date received | 08/18/99 | Disposition | Compromised | Date of disposition | 08/23/99 |
|---|---|---|---|---|---|

Reasons _You are appealing a level 1-grievance denial regarding a bandana. As Warden Myers approved, the bandana may be worn as a headband during in cell activities only, and is not to be worn outside of the cell, pending final disposition on Native American Headbands from the Director of Religious Services. Your grievance appeal is compromised._

Level-2 reviewer __B. Murphy (DO)__

[ ] This grievance may be appealed within 5 days to Level 3

[X] This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

Appeal. I am appealing the Level-2 decision because

Inmate signature ____    Date ____

Deposit your appeal in the box for Inmate grievances.

### FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Exhibit 5

Level-3 reviewer

## CONNE.  ICUT DEPARTMENT OF C  RRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

Date: August 26, 1999

HOUSING UNIT:   I    II    (III)        (EAST) or WEST        Cell # 112
                    (Circle One)

Inmate Name: _____ John Allen _____    Number: 257468

Request: To obtain official approval or authorization to wear Native Amer-
ican Indian religious liturgical headgear known as a headband outside
of my cell. The granting of retention, then arbitrary and capricious de-
cision to restrict wearing of headband to only in my cell constitutes
cultural, ethnic, racial, and religious discrimination of the Native
               (Continue on back if necessary) * See back *

Submitted to: _____    Date Received: _____

Acted  on  by: _____

~~Action taken and/or response:~~ _____

_____

_____

_____

_____

_____

_____

Date of Response to Inmate: _____

Signature of Staff Member: _____

NCI 050

cc: Warden Myers
    John Allen

Exhibit 6a

American Indian Cultural, ethnic, racial and religio    heritage and tradition. At
their religious affiliations with religious liturgical headgear, such as Jewish weare
t a yarmolka, Muslim wearers of a kuffi, and Catholic wearers of a skullcap, are pe
itted to wear their headgear at all times, such as to group meetings, recreation
eriods, indoors and outdoors, make legal and personal telephone calls, outside cour
sits, personal visits, to meal servings in the unit dining area, etc. Again, I reitera
~~e granting of retention, than arbitrary and capricious decision to restricting wearing o~~
~~eadbands only in my cell~~, constitutes cultural, ethnic, racial and religious discrimination,
olation of the first and fourteenth Amendments of the Constitution of the United States, violates
DOC Administrative Directive 10.8(4), 10.8(5)(B), 10.8(5)(C).
opy retained".

John Allen

Exhibit 6b

# CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

Date: _August 26, 1999_

HOUSING UNIT:   I   II   (III)          (EAST) or   WEST        Cell # _112_
                    (Circle One)

Inmate Name: _____John Allen_____        Number: _251468_

Request: _To obtain official approval or authorization to wear Native American_
_Indian religious liturgical headgear known as a headband outside of my cell._
_The granting of retention, then arbitrary and capricious decision to restrict wea-_
_ring of headband to only in my cell, constitutes cultural, ethnic, racial and religious_
_discrimination of the Native American Indian cultural, ethnic, racial, and religious_
        (Continue on back if necessary)  ✳ see back ✳

Submitted to: _Warden Myers_        Date Received: _AUG 26 1999_

Acted on by: _____

Action taken and/or response: _____

_____

_____

_____

_____

_____

_____

_____

Date of Response to Inmate:_____

Signature of Staff Member:_____

NCI 050

cc: Warden Myers
      John Allen                    Exhibit 7a

# Inmate Grievance Form A, Level 1

**Connecticut Department of Correction**

CN 9601A
7-1-98

| Inmate name | John Allen | Inmate No. | 251468 |

Facility Northern Correctional Institution    Housing unit 3 East 112    Date Sept. 8, 1999

[X] Line grievance    [ ] Line emergency    [ ] Health grievance    [ ] Health emergency

1. **Informal resolution.** Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

Request to Warden Myers dated August 26, 1999, to obtain official approval or authorization to wear Native American Indian religious liturgical headgear — headband outside of my cell.
Denied

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.) In July 1999, I was permitted access to Native American Indian religious liturgical headgear — headband by Warden Myers, but with the arbitrary and capricious decision to restrict wearing of headband to only in my cell, this constitutes cultural, ethnic, racial, and religious discrimination of Native American Indian heritage and tradition. All other religious affiliations with religious liturgical headgear, such as Jewish wearers of a yarmulka, Muslim wearers of a kuffi, and Catholic wearers of a skull cap, are permitted to wear their liturgical headgear at all times, such as to group meetings, recreation indoors and outdoors, make legal and personal telephone calls outside court visits, personal visits, meal servings in dining area etc., this violates DOC Admin. Direct 10.8(5)(B), 10.8(5)(C), and the First and Fourteenth amendments of the constitution of the united states.

3. **Action requested.** Describe what action you want taken to remedy the grievance.

To obtain approval or authorization to wear Native American Indian religious liturgical headgear — headband at all times as other religious affiliations, discontinue cultural, ethnic, racial and religious discrimination.

Inmate signature  John Allen

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| IGP no. | 141.99.738 | T no. | |

| Date received | SEP 20 1999 | Disposition | Compromise | Date of disposition | 9/28/99 |

Grievance issue    Grievance regarding a unit policy/procedure.

**Reasons**

This issue is currently under review by the Department's Religious Coordinator, until such time that a decision is rendered you can wear the headgear in-cell only. You are not authorized to wear the headgear out of your cell. When a decision is rendered regarding this issue you will be notified.

Exhibit 8

Level-1 reviewer  Myer    9/28/99

# Inmate Grievance Form B, Levels 2 and 3

CN 9601B
7-1-98

**Connecticut Department of Correction**

| | |
|---|---|
| Inmate name  John Allen | Inmate No.  257468 |

| Facility  Northern Correctional Institution | Housing unit  3 East 112 | Date  9-28-99 |

| | | |
|---|---|---|
| ☒ Line grievance | ☐ Line emergency | ☐ Health grievance | ☐ Health emergency |

| IGP no.  141. 99. 738 | T no. |

Use this form to appeal a Level -1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because the Level 1 response fails to address the issue of cultural, ethnic, racial, and religious discrimination of Native American Indian heritage and tradition or the arbitrary and capricious nature of decision to restrict wearing to in-cell only even though other religious affiliations, Jewish, Muslims, Catholics are permitted to wear religious liturgical headgear at all times

| Inmate signature  John Allen | Date  9-28-99 |

## FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

| Date received  **10/01/99** | Disposition  **Denied** | Date of disposition  **10/12/99** |

Reasons  *You are appealing a level 1-grievance regarding Native Americans headgear. This item is still under review. The Department's Religious Coordinator, is carefully considering this item and a decision is close. Be patient for the decision.  Your grievance appeal is denied.*

| Level-2 reviewer  B.M. |

☒ This grievance may be appealed within 5 days to Level 3

☐ This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

Appeal. I am appealing the Level-2 decision because the Level 2 response likewise fails to address the issue of cultural, ethnic, racial and religious discrimination of Native American Indian heritage and tradition or the arbitrary and capricious nature of decision to restrict wearing to in-cell only although other religious affiliations, Jewish, Muslim, Catholic are permitted to wear religious liturgical headgear at all times

| Inmate signature  John Allen | Date  Oct. 20, 1999 |

Deposit your appeal in the box for inmate grievances.

## FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

| Date received  **10/25/99** | Disposition  **Denied** | Date of disposition  **11/04/99** |

Reasons  *You are appealing a level 2-grievance denial regarding Native American Headgear. This issue is still being reviewed. This item is in the process of being considered, a decision is near.  Your grievance appeal is denied.*

Exhibit 9

| Level-3 reviewer | |

John Allen   251468
Northern Correctional Institution
P.O. Box 665     3 East 2138
Somers, Connecticut   06071
August 2, 1999

Fr. Bruno, Director of Religious Services
24 Wolcott Hill Rd.
Weathersfield, Connecticut   06109

Dear Fr. Bruno :

    I am a State of Hawaii prisoner incarcerated within the Connecticut prison system under the Inter-State Compact. I am a practitioner of the Native American Indian religion, as you have probably been made aware. I have written to impress upon you the importance of the current issue of religious expression through the wearing of religious liturgical headgear known as a headband.

    The importance and significance of this issue is due to the fact that it has not been adequately addressed before, from the information I have received there is no state policy with regards to this issue, as there exists for Muslims, Jews etc. in Connecticut. Although, there are other types of religious observances permitted such as sweat lodges, smudging, and medicine bags or pouches at some institutions. Moreover, while I am presently confined under the Administrative Segregation Program I am progressing towards transfer to another institution where this issue will materialize. From inmate sources I have learned that inmates are constantly rotated through various institutions, one inmate has been to eight different institutions in only five years. In Hawaii's prison system there are only nine facilities throughout the entire state, and inmates usually remain at one facility for at least five years.   Exhibit 16a

Fr. Bruno, Director of Religious Services

Page 2

When I was transferred to Northern C.I. in November 1996, there was no Native American Indian chaplain or spiritual advisor for over two years. Furthermore, although I informed Chaplain Hicks of my religious affiliation, I was not informed that I had to fill out a form in writing until June 1999. Once Native American Indian Chaplain Mark Allen first spoke with me on April 14, 1999, I began the process of obtaining my headband through a written request on April 15, 1999. Subsequent denial lead to the Inmate Grievance Process. At the present I am being allowed to retain and wear a headband only in my cell, although I was previously denied total access. This was the initial policy in Hawaii at first, it had no state policy also, however, I obtained full access being allowed to wear a headband at all times, through the Administrative Grievance Process in Hawaii, which is what I am seeking in Connecticut.

Throughout my seventeen years of incarceration in Hawaii, I have been repeatedly forced to fight to pursue or secure religious expression in Hawaii, however, I eventually received approval either administratively or through the courts. I do not wish a long drawn out process with regards to this particular issue of wearing a headband largely due to the lack of a specified state religious policy. Thank you for your attention to this matter.

Sincerely,

Joseph Allen

copy:
Fr. Bruno
John Allen

Exhibit 10 B

**CONNECTICUT DEPARTMENT OF CORRECTION**
**24 WOLCOTT HILL ROAD**
**WETHERSFIELD, CONNECTICUT 06109-1152**

**RELIGIOUS SERVICES UNIT**

**Rev. Anthony J. Bruno**
**Director of Religious Services**

Phone (860) 692-7577
Fax    (860) 692-6263

August 3, 1999

Mr. John Allen, # 251468
Northern Correctional Institution
P. O. Box 665
Somers, CT 06071

Dear Mr. Allen,

I write in response to your letter dated August 2, 1999

In your letter, you mention that there is no specific policy on Native American headbands.

This issue is presently being evaluated. I hope that there will be some clarification in the near future for you.

Sincerely,

Rev. Anthony J. Bruno
Director of Religious Services

COPIES:    Deputy Commissioner Jack Tokarz, Programs Division
Deputy Commisisoner Peter Matos, Facility Operations Division
Brian K. Murphy,  Complex 1 Warden
Larry Myers, Warden, Northern C. I.
Rev. Albert Pitts, Complex Religious Coordinator
Rev. Jim Hicks, Facility Religious Coordinator

Exhibit 11

# Connecticut Correctional Ombudsman

P.O. Box 340235, Hartford, Connecticut 06134-0235
(860) 951-8867 • Fax (860) 951-8872

James R. Bookwalter
*Ombudsman*

James C. Amis
Leonard Engel
*Assistant Ombudsmen*

August 31, 1999

Mr. John Allen    #251468
Northern C.I.
287 Bilton Road
Somers, CT 06071

Dear Mr. Allen,

This is in regard to your complaint about Department policy [or lack of explicit policy consistent throughout the Department] on Native American handwear.

Enclosed is a copy of my inquiry to Father Bruno. Also I have sent an inquiry to the Northen C.I. grievance coordinator which states, the purpose of my memorandum is to:

> "recommend that Mr. Allen's appeal to Level Three be forwarded to the Commissioner's office even if solely on the basis of Mr. Allen's assertions:
> - that he did not receive a timely response to his appeal to Level Two,
> - that he is challenging the integrity of the grievance procedure,
> - that his grievance, pursuant to Section 17, challenges *department level, not unit level*, policy."

When I receive responses, I will contact you.

Please note that the Inmate Grievance Procedure confers no legal entitlements to inmates that do not *already* exist. Mainly the IGP is an internal management device intended to streamline responses to inmate inquiries and complaints - to provide order, structure, written record, and so on.

I do not know whether you have a constitutional right to wear a headband. To my knowledge this issue has not been sufficiently litigated in this district to provide clear direction.

Exhibit 12a

Wearing of Native American headgear by a practitioner of Native American religion is similar, but not precisely the same, as the wearing of a yarmulka by a Jew. It appears from your letter that your conscience compels you to wear a headband; I have no reason to question your sincerity in this matter. Several factors seem, nevertheless, to present difficulties for administrators [and probably for courts as well] in the adjudication of constitutional claims regarding the practice of Native American religion. Among these are the following:

1. There is no single, unified, Native American belief system, theology or ideology. There are many tribal groups with a wide variety of beliefs, practices, requirements and worship.

2. There is no single Native American book of sacred writings similar to the Koran, the Hebrew Bible, the Christian Old and New "Testaments".

3. There is no Native American hierarchy, magisterium, or ministry which publicly defines its religious requirements, interprets religious beliefs, or declares exactly how the individual practitioner is to worship. Which customs are required, or not required, as a matter of faith?

In any case, the questions you are raise are important ones, and warrant a definitive response from Department officials.

Sincerely,

James C. Amis

Exhibit 12b

# Connecticut Correctional Ombudsman
P.O. Box 340235, Hartford, Connecticut 06134-0235
(860) 951-8867 • Fax (860) 951-8872

James R. Bookwalter
*Ombudsman*

James C. Amis
Leonard Engel
*Assistant Ombudsmen*

## MEMORANDUM

TO:        Rev. Anthony Bruno, Director
           Office of Religious Services

FROM:      James C. Amis
           Assistant Ombudsman

DATE:      August 31, 1999

RE:        John Allen    #251468
           Policy concerning Native American handwear


Mr. Allen, an inmate at Northern C.I., claims he was
unfairly denied his request to wear a Native American
headband.  In summary, Mr. Allen states:

1. That he is a Native American Indian religious
   practitioner, and that he initially spoke
   with Chaplain Mark Allen on April 14, 1999,
   in regard to this issue.
2. That other inmates who are Native American
   Indian practitioners have had this issue
   addressed individually from institution to
   institution on an ad hoc basis; but that
   there is apparently no official Department
   policy.
3. That on April 15, 1999, he submitted an
   Inmate Request to obtain and wear religious
   liturgical headgear – a headband– that was
   being held among his personal property in
   storage; his request was denied.
4. That Mr. Allen filed an Inmate Grievance,
   which was denied on July 12, 1999, on the
   grounds of security and safety concerns.  Mr.

Exhibit 12c

Allen filed an appeal to the Complex Warden
but has received no response.

5.   That Major Kearney forwarded various
materials to your office, and that Mr. Allen
received a letter from you dated August 5,
1999, stating the issue is being addressed.

The purpose of my Memorandum is to request information
on the outcome of the review, and if Mr. Allen's
request is denied, information on the basis for the
Department's denial.

Your attention to this inquiry is appreciated.

*James C. Amis*

James C. Amis

c:   Mr. Allen

Exhibit 12d

# Inmate Grievance Form A, Level 1

### Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name: *John Allen*                                    Inmate No. *251468*

Facility *Northern Correctional Institution*    Housing unit *3 East 118*    Date *Oct. 14, 1999*

☒ Line grievance    ☐ Line emergency    ☐ Health grievance    ☐ Health emergency

**1. Informal resolution.** Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

*Mailed Inter-Facility letter to Osborn Property Dept Officer*

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

*On Sept. 20, 1999 spoke with Northern C.I. property Officer Pepe, concerning various items received from Hawaii prison, Including various bandanas used in Native American Indian religion. I was not provided a property receipt for any items nor told the actual or exact number of bandanas received or the colors at each to determine it all had been provided or if actually my personal property. Informed these items - bandanas - were sent to Osborn C.I. for storage. Wrote letter to Osborn C.I. Property Dept Officer to obtain information on number of bandanas was actually held in storage and the color of each bandance. I have not been provided any information concerning these personal property items at this date, nor provided a Property Receipt.*

**3. Action requested.** Describe what action you want taken to remedy the grievance.

*Obtain information on number of bandanas received from Hawaii; the exact colors of each bandanna; whether these items are actually bandanas or regular handkerchief, also to obtain a Property Receipt for bandannas.*

Inmate signature: *John Allen*

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no. *141.99.917*                          T no.

Date received **OCT 15 1999**    Disposition *Compromise*    Date of disposition *11/23/99*

Grievance issue    Grievance regarding personal property.

Reasons

C/O Pepe will provide you with a copy of the paperwork from Hawaii.
You have 2 white handkerchiefs and 4 bandanas that were sent.

*Exhibit 13*

Level-1 reviewer    *[signature]*    *11/23/99*



# MacDougall Correctional Institution
# INMATE REQUEST FORM

HOUSING/UNIT H-1 #12                                      DATE December 10, 1999

INMATE NAME John Allen                                   NUMBER JJ1468

REQUEST To obtain official approval or authorization to wear Native American Indian religious liturgical headgear known as headband, comparable to religious headgear worn by Jewish adherents - yarmulka, or Muslim adherents - kuffi, or Catholic adherents - sk cap, and non-religious headgear such as baseball caps or doo rag cap, for use at **all** times, inside or outside pod housing area, such as to dining area, recreation, inside or outside, visits, education and work areas, religious and other group type meetings. Headband used for religious as well as cultural, social identity, and do maintain control, neatness, and order of head hair.

_____

_____

(CONTINUE ON BACK PAGE IF NECESSARY)

PREVIOUS ACTIONS TAKEN_____

_____

_____

(CONTINUE ON BACK PAGE IF NECESSARY)

SUBMITTED TO Capt. Cleaver, Unit Manager   DATE RECEIVED 12/10/99 -

ACTED ON BY _____ Deacon RENE KIEDA_____

ACTION TAKEN AND/OR RESPONSE _____

PER OUR CONVERSATION ON Dec 8, 99 WHEN THE Rel. AFFLIATION FORM WAS SIGNED - THE WEARING OF HEAD BANDS FOR NATIVE AMERICANS IS BEING REVIEWED - FOR INEAR - BY THE D.O.C. - PLEASE BE PATIENT UNTIL THE POLICY AND PROCESSES ARE COMPLETED. AND FINALIZED - YOU WILL BE NOTIFIED BY THE RELIGIOUS SERVICES DEPT. AS SOON AS THIS IS RECEIVED BY US.

(CONTINUE ON BACK PAGE IF NECESSARY)

DATE OF RESPONSE TO INMATE_____ 12/10/99 -

SIGNATURE OF STAFF MEMBER_____ Rel. Coordinator

Exhibit 14

MCI-15



# MacDougall Correctional Institution
# INMATE REQUEST FORM

**HOUSING/UNIT** H-1 # 25

**DATE** December 21, 1999

**INMATE NAME** John Allen

**NUMBER** 251468

**REQUEST** To obtain approval or authorization for acquisition of Native American Indian religious/ceremonial gemstones to be retained in medicine bag/pouch — dime sized piece of turquoise, crystal point - tip of finger size. To be received from Pan American Indian Association, Clan Mother, Corn Woman, P.O. Box 3256, Pinellas Park, Florida 33780. Seeks permission prior to sending c/o Chaplain, for John Allen, previously discussed with Chaplain Rene on December 8, 1999, submitted written request to Chaplain Rene for Special Request to send $3.00 to cover cost of postage, December 9 & 10, 1999.

Copy sent to following : Warden Strange

Complex Warden Huckaby

Rev. Bruno, Director, Religious Services

(CONTINUE ON BACK PAGE IF NECESSARY)

**PREVIOUS ACTIONS TAKEN**_____

_____

_____

(CONTINUE ON BACK PAGE IF NECESSARY)

**SUBMITTED TO** Rev. Bruno, Director, Religious Services  **DATE RECEIVED**_____

**ACTED ON BY**_____

**ACTION TAKEN AND/OR RESPONSE**_____

_____

_____

_____

_____

_____

_____

_____

(CONTINUE ON BACK PAGE IF NECESSARY)

**DATE OF RESPONSE TO INMATE**_____

**SIGNATURE OF STAFF MEMBER**_____

Exhibit 15

MCI-15



# MacDougall Correctional Institution
# INMATE REQUEST FORM

**HOUSING/UNIT** ~~I 15~~                            **DATE** December 21, 1999

**INMATE NAME** John Allen                          **NUMBER** 251468

**REQUEST** To obtain approval or authorization for acquisition of Native American Indian religious/ceremonial gemstones to be retained in medicine bag/pouch – dime sized piece of turquoise & crystal point – tip of finger size. To be received from Pan American Indian Association, Clan Mother, Corn Woman, P.O. Box 3256, Pinellas Park, Florida 33780, Seeks permission prior to sending c/o Chaplain for John Allen. Previously discussed with Chaplain Rene on December 8, 1999, submitted written request to Chaplain Rene for Special Request to send $3.00 to cover cost of postage, December 9 or 10, 1999.

Copy sent to following : Warden Strange

Complex Warden Huckaby.

Rev. Bruno, Director, Religious Services

**(CONTINUE ON BACK PAGE IF NECESSARY)**

**PREVIOUS ACTIONS TAKEN** _____

**(CONTINUE ON BACK PAGE IF NECESSARY)**

**SUBMITTED TO** Complex Warden Huckaby          **DATE RECEIVED** 12/23/99

**ACTED ON BY** TERESA PEMBERTON CS

**ACTION TAKEN AND/OR RESPONSE** Any religious artifact not sold at commissary may be purchased via mail with prior approval from Deputy Commissioner TOKARZ. You may write to him for permission to order the stones at the following address: Deputy Commissioner TOKARZ Dept. of Correction 24 Wolcott Hill Rd Wethersfield, CT. 06109

**(CONTINUE ON BACK PAGE IF NECESSARY)**

Administrative Directive 6.10, Inmate Property, Section 15

**DATE OF RESPONSE TO INMATE** 12/27/99

**SIGNATURE OF STAFF MEMBER** T. Pemberton

Complex Counselor Supv.

Exhibit 16

MCI-15

# CONNECTICUT DEPARTMENT OF CORRECTION
## 24 WOLCOTT HILL ROAD
## WETHERSFIELD, CONNECTICUT  06109-1152

### RELIGIOUS SERVICES UNIT

**Rev. Anthony J. Bruno**
**Director of Religious Services**

Phone:  (860) 692-7577
Fax:      (860) 692-6263

January 5, 2000

Mr. John Allen #251468
MacDougall-CI
1153 East Street South
Suffield, CT  06080

Dear Mr. Allen:

I am responding to your request dated December 21, 1999.

You are not authorized to purchase gemstones.

Please see the Native American Elders regarding some other suitable items for your medicine bag.

Sincerely,

Reverend Anthony J. Bruno
Director of Religious Services

AJB:da
cc: James Huckabey, Complex 4 Warden
     Mark Strange, Warden, MacDougall-CI
     Deacon Rene Kieda, Facility Religious Coordinator

Exhibit 17

**CONNECTICUT DEPARTMENT OF CORRECTION**
**24 WOLCOTT HILL ROAD**
**WETHERSFIELD, CONNECTICUT   06109-1152**

**RELIGIOUS SERVICES UNIT**

**Rev. Anthony J. Bruno**
**Director of Religious Services**

Phone: (860) 692-7577
Fax:    (860) 692-3263

January 5, 2000

Mr. John Allen #251468
MacDougall-CI
1153 East Street South
Suffield, CT   06080

Dear Mr. Allen:

I am responding to your request dated December 21, 1999.

You are not authorized to purchase gemstones.

Please see the Native American Elders regarding some other suitable items for your medicine bag.

Sincerely,

*Jack Pokay*

Reverend Anthony J. Bruno
Director of Religious Services

AJB:da
cc:James Huckabey, Complex 4 Warden
   Mark Strange, Warden, MacDougall-CI

*Exhibit 18*



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

| Inmate name  John Allen | Inmate no. 251468 |
|---|---|

| Facility MacDougall C.I. | Housing unit RHU4 | Date 1-29-2000 |
|---|---|---|

☐ Line grievance   ☐ Line emergency   ☐ Health grievance   ☐ Health emergency

1. Informal resolution  Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

Received letters from Rev. Bruno and Deputy Commissioner Takasz on official Stationary

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

Denial of or failure to provide approval/authorization for acquisition of Native American Indian religious/ceremonial gemstones, for reduction in medicine bag (specific a dime size piece of turquoise, tip of finger size crystal point piece, previously approved by Native American Elder and Deacon Kieza. Written request submitted to Rev. Bruno 12-21-99, denied in letter dated 1-5-2000, submitted to Deputy Commissioner Takasz 1-10-2000, denied using letter of denial by Rev. Bruno, dated 1-5-2000, but signed (sic) Takasz. Allen contend this denial constitutes cultural, ethnic, racial and religious discrimination of Native American Indian belief, observance & practices. Medicine bag/power contain items of a personal and individual significance no other person can judge or determine, suitable for spiritual harmony, peace, fulfillment etc. and poses no undue safety or security concern for Canadian Indian

3. Action requested. Describe what action you want taken to remedy the grievance.

To be provided official approval/authorization for acquisition of Native American Indian religious/ceremonial gemstones for reduction in medicine bag. What purpose wearing of medicine bag/power cannot contain religious item of personal individual significance for spiritual harmony & peace, personal power and poses no undue safety or security concern.

| Inmate signature | John Allen |
|---|---|

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW.

| IGP no. 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 | T no. |
|---|---|

| Date received 1-31-00 | Disposition Denied | Date of disposition 2-25-00 |
|---|---|---|

Grievance issue  Authorizations to Purchase Gemstones.

Reasons

You are not authorized to purchase Gemstones per the Director of Religious Services.

Exhibit 19

| Level-1 reviewer  Warden Strange |
|---|



# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601B
7-1-98

| Inmate name John Allen | Inmate no. 251468 |
|---|---|

| Facility Northern C.I. | Housing unit 2 West 122 | Date 3-9-2000 |
|---|---|---|

| ☒ Line grievance | ☐ Line emergency | ☐ Health grievance | ☐ Health emergency |
|---|---|---|---|

| IGP no. 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 | T no. |
|---|---|

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because *it fails to address specific issues a I already know I am not authorized to purchase gemstones. That is what the grievance is about the denial of approval or authorization, however, no reason is given providing specifically is a safety or security pertaining to a piece that require the size of a dime, and a piece of quarter point point size at eligible, when other religious application permitted to wear large metal gold, silver medallions, or beads. denial also violates cultural, ethnic, racial and religious dis-*

Inmate signature *John Allen* ... Date 3-9-2000

**MAR 21 2000**

### FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

| Date received 3/27/00 | Disposition *DENIED* | Date of disposition *04/04/00* |
|---|---|---|

Reasons  *The Department of Correction does not permit you to possess gemstones. That decision is final.*

Level-2 reviewer

| ☐ This grievance may be appealed within 5 days to Level 3 |
|---|
| ☒ This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17) |

Appeal. I am appealing the Level-2 decision because

| Inmate signature | Date |
|---|---|

Deposit your appeal in the box for inmate grievances.

### FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Exhibit 20

Level-3 reviewer



# STATE OF CONNECTICUT
## *DEPARTMENT OF CORRECTION*
### COMPLEX 4 OFFICE
*1153 East Street South · Suffield · Connecticut 06080*

James E. Huckabey
Complex Warden

John Allen  #251468
Northern CI
287 Bilton RD
Somers, CT 06071

April 4, 2000

Mr. Allen:

This letter is in response to your grievance #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.                    *Level 2 respondent.*

The Department of Correction does not permit you to possess gemstones. That decision is final.

I recommend that you contact an Elder or the Facility Religious Coordinator for a list of suggested items for your medicine bag.

Grievance disposition: Denied    (Original grievance form to follow.)

Sincerely,

James E. Huckabey
Complex Warden

c: Deputy Commissioner Tokarz
   Director Bruno
   Complex Warden Murphy
   Warden Myers
   Warden Strange
   grievance file

*Exhibit 21*



# Macdougall Correctional Institution
# INMATE REQUEST FORM

HOUSING/UNIT _J1-14_

INMATE NAME _John Allen_  DATE _Jan. 10, 2000_

REQUEST _To obtain approval/authorization for acquisition of Native American Indian religious_
_ceremonial items to be retained in medicine bag/pouch — bear shaped piece of pipestone — totem_
_fetish and a ~~bear~~ genuine black bear claw or tooth._
_Rev Bruno_
_Deputy Commissioner Tokarz_

**(CONTINUE ON BACK PAGE IF NECESSARY)**

PREVIOUS ACTIONS TAKEN_____

**(CONTINUE ON BACK PAGE IF NECESSARY)**

SUBMITTED TO _John Allen — Copy_

ACTED ON BY_____  DATE RECEIVED_____

ACTION TAKEN AND/OR RESPONSE_____

**(CONTINUE ON BACK PAGE IF NECESSARY)**

DATE OF RESPONSE TO INMATE_____

SIGNATURE OF STAFF MEMBER_____

_Exhibit 22_



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

January 18, 2000

Mr. John Allen #251468
MacDougall-CI
1153 East Street South
Suffield, CT   06080

Dear Mr. Allen:

I am responding to your request dated January 10, 2000.

Selected items for Medicine Bags will hopefully be available from the Commissary in the near future.  Therefore, I ask your patience in this matter.

In the meantime, please see Elder Mark Allen regarding the contents of your Medicine Bag.  He can instruct you on the significance of the items placed in a Medicine Bag and assist you with other appropriate items until additional items are available through the Commissary.

Sincerely,

Jack Tokarz
Deputy Commissioner

JT/AJB/da
cc: James Huckabey, Complex 4 Warden
     Mark Strange, Warden, MacDougall-CI
     Deacon Rene Kieda, Facility Religious Coordinator
     Elder Mark Allen, Native American Chaplain
     Reverend Anthony J. Bruno, Director of Religious Services

Exhibit 23

*An Equal Opportunity Employer*

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601
1-14-94

| Inmate Name | John Allen | Inmate No. | 251468 |
|---|---|---|---|

Housing Location 3 West 219  Northern C.I.          Date 2-7-2000

[X] Line Grievance    [ ] Line Emergency    [ ] Health Service Grievance    [ ] Health Emergency

IGP No. 141.00.219          T No.

1. Informal resolution. Attach a copy of Inmate Request Form (CN9602) containing the appropriate staff member's response, or indicate why the form is not attached:

No response from Inmate Requests to Deputy Commissioner Tokarz, and Rev. Bruno, dated July 10, 2000, at MacDougall C.I.

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use one 8-1/2-by 11-inch sheet of paper and attach to this form.) While at MacDougall C.I., Allen submitted written requests to the Religious Director, Rev. Bruno, and Deputy Commissioner Tokarz to form on Jan 10, 2000 to obtain approval/authorization for acquisition of Native American Indian religious/ceremonial items to be retained in medicine bag/pouch — bear shaped piece of pipestone-totem fetish, and a genuine black bear claw or tooth — both items no more than about one inch to one and one half inches in diameter. Allen has not received a response to this particular request although a prior request for acquisition of gem stones turquoise and crystal was denied in letter dated Jan. 5, 2000. These particular religious/ceremonial items hold special individual religious significance as the bear — Oso — represents spiritual guidance, harmony, peace and protection from spirit ally, guide, helper, in same manner as Christians regard the Holy Ghost or Holy Spirit, violates Doc Admin. Dir 10.8.

3. Action requested. Describe what action you want taken to remedy the grievance.
To obtain approval/authorization for acquisition of Native American Indian religious/ceremonial items to be retained in medicine bag/pouch — bear shaped piece of pipestone-totem fetish, and a genuine black bear claw or tooth — which hold special individualized religious significance as the bear — Oso — represents spiritual guidance, harmony, peace and protection from spirit ally, guide/helper, in same manner as Christians regard the Holy Ghost or Holy Spirit, in violation of Doc Admin. Dir 10.8.

Inmate Signature  John Allen

**Remember!** Your grievance must be filed within 30 days of the cause of the grievance or within 30 days of the date you became aware of the cause. You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY
## LEVEL 1 REVIEW

| Date Received FEB 0 8 2000 | Disposition: *Compromise* | Date of Disposition | *3/7/00* |
|---|---|---|---|

Grievance Issue:
*Grievance regarding a religious.*

Reasons: *Please address this issue in writing to Chaplin Allen. He will look into this matter and whether you can retain these items at Northern.*

Exhibit 24

Level - 1 Reviewer  [signature] 3/7/00

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601B
7-1-98

| Inmate name John Allen | Inmate No. 25 1469 |
|---|---|

| Facility Northern C.I. | Housing unit 2 West 122 | Date 3-8-2000 |
|---|---|---|

| ☒ Line grievance | ☐ Line emergency | ☐ Health grievance | ☐ Health emergency |
|---|---|---|---|

| IGP no. 141.00.219 | T no. |
|---|---|

Use this form to appeal a Level -1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because First, Warden Myers has not authority to respond to issue involving the denial of religious programs or services, responsibility of Commissioner of Program Jack Tokatz, and Religious Services Director Rev. Bruno. Second, Warden Myers did not even check on whether a clerical was provided or not be these responsible, which in fact was already exhausted. Chaplain Miller can only look into this matter but he can not override the authority of this Director of Religious Service, Rev. Bruno or Commissioner of Programs, Jack Tokatz.

Inmate signature John Allen                                    Date 3-8-2001

## FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

| Date received 03/13/00 | Disposition Compromised | Date of disposition 04/03/00 |
|---|---|---|

Reasons
*You are appealing a level 1-grievance regarding religious issue. Elder Mark Allen can instruct you on the significance of the items placed in a Medicine bag and assist you with other appropriate items until additional items are available through the commissary. Your grievance appeal is compromised.*

Level-2 reviewer  B. Murphy

☐ This grievance may be appealed within 5 days to Level 3

☒ This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

Appeal. I am appealing the Level-2 decision because

| Inmate signature | | Date |
|---|---|---|

Deposit your appeal in the box for inmate grievances.

## FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Exhibit 25

Level-3 reviewer

CN 9601A
7-1-98

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

| Inmate name | John Allen | Inmate no. | 251468 |
|---|---|---|---|

| Facility | MacDougall C.I | Housing unit | D1-14 | Date | Jan 13, 2000 |
|---|---|---|---|---|---|

☒ Line grievance ☐ Line emergency ☐ Health grievance ☐ Health emergency

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.


2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

Inmate Allen was transferred from Northern C.I on Dec. 1, 1999, since December the Northern C.I Mailroom has failed or refused to forward mail received at that institution, particularly, from the Condition for Prisoners Rights Newsletter, from Earthbridge Inc., Pan American Indian Association

3. Action requested. Describe what action you want taken to remedy the grievance.

To have Northern C.I. forward any mail received for Inmate Allen to MacDougall C.I.

| Inmate signature | John Allen |
|---|---|

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| IGP no. 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 | T no. |
|---|---|

| Date received 1-18-00 | Disposition Denied | Date of disposition 2-18-00 |
|---|---|---|

Grievance issue Forwarding of Correspondence upon being transferred

Reasons All correspondence was effectively transferred and routed to MacDougall from Northern C.I. This process will now be reversed upon your transfer to Northern C.I.

| Level-1 reviewer | Warden Strange |
|---|---|

Exhibit 26



# Inmate Grievance Form B, Levels 2 and 3

**Connecticut Department of Correction**

CN 9601B
7-1-98

| Inmate name John Allen | | Inmate no. 251468 |
| --- | --- | --- |
| Facility Northern C.I. | Housing unit 1West122 | Date 3-9-2000 |

[X] Line grievance   [ ] Line emergency   [ ] Health grievance   [ ] Health emergency

| IGP no. 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 | T no. |
| --- | --- |

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because *this grievance was responed too by Warden of MacDougall c.i., not responsible for actions occurring at Northern c.i. Personally informed by the Native American Indian Elders, Chief White Bear, New American Indian Association mail returned, also received portion of envelope from Clear Mother Chobeken-Segee, East Uxbridge Ma., envelope stated "moved unable to locate" to return to sender. Mail room personnel at Northern violating first Amendment constitutional rights.*

| Inmate signature [signature] | Date 3-9-2000 |
| --- | --- |

MAR 14 2000

## FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

| Date received 3/20/00 | Disposition *DENIED* | Date of disposition 03/22/00 |
| --- | --- | --- |

Reasons   *When an inmate is transferred to another facility, privileged correspondence shall be forwarded to the inmate's new facility. The Department shall not be responsible for the forwarding of general correspondence. The mail in question is considered to be general correspondence, not privileged. This is in accordance with Administrative Directive 10.7, Inmate Communications, Section 4K.*

Level-2 reviewer [signature]

[ ] This grievance may be appealed within 5 days to Level 3

[X] This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

Appeal. I am appealing the Level-2 decision because

| Inmate signature | Date |
| --- | --- |

Deposit your appeal in the box for inmate grievances.

## FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
| --- | --- | --- |

Reasons

Exhibit 27

Level-3 reviewer



# Inmate Grievance Form A, Level 1

CN 9601A
7-1-98

## Connecticut Department of Correction

| Inmate name John Allen | Inmate no. 251468 |

Facility MacDougall Correctional Institution    Housing unit RHU 4    Date 1-29-2000

[X] Line grievance    [ ] Line emergency    [ ] Health grievance    [ ] Health emergency

1. **Informal resolution**  Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

Spoke directly with Property personnel, CIO Hernandez, on 1-18-2000

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

On 1-18-2000, Allen received personal property from Northeast C.I., included were four sacred Native American Indian religious head bandannas which are still being held by Property personnel as unauthorized, although pending notification of approval/authorization from Rev. Bruno, Director Religious Services has been provided to Allen from Deacon Rene Kieda, and Warden Strange: upon written request to wear Native American Indian religious liturgical headgear known as a headband.

3. **Action requested.** Describe what action you want taken to remedy the grievance.

To be provided personal property items - four sacred Native American Indian religious headbandannas; and/or prevent summary disposal of these sacred religious personal property items prior to pending approval/authorization from Rev. Bruno.

Inmate signature  John Allen

**You may appeal this decision within 5 days. Use Inmate Grievance Form B.**

## FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| IGP no. 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 | T no. |

Date received 1-31-00    Disposition Denied    Date of disposition 2-28-00

Grievance issue Self-made head bands of questionable

Reasons value.

Item in question was never recognized as being an approved item to be retained in your possession as it pertains to A.D. 10.8 on Religious Services not A.D. 6.10. Inmate Property.

Level-1 reviewer  Warden Strange

Exhibit 28