JUN  2004
JUL - 6 2004

John Allen 281059
Pro se
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279
Plaintiff Pro Se

FILED
2004 JUL 26 P 6:02
U.S. DISTRICT COURT
BRIDGEPORT, CONN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

John Allen, 281059
    Plaintiff,
         v.
John Armstrong, et al.,
    Defendants

CIVIL NO. 3:02 CV 1818 (DJS)(TPS)
MOTION FOR MORE DEFINITE STATEMENT - TO REQUIRE DEFENDANTS TO FILE COMPLETE, FULL, AND COMPREHENSIVE MOTION TO DISMISS; AFFIDAVIT OF JOHN ALLEN; EXHIBITS 1 THRU 74; CERTIFICATION.

MOTION FOR MORE DEFINITE STATEMENT - TO REQUIRE DEFENDANTS TO FILE COMPLETE, FULL, AND COMPREHENSIVE MOTION TO DISMISS

Come now plaintiff John Allen, 281059, a State of Hawai'i prisoner, and hereby moves this Honorable Court, For More Definite Statement-To Require Defendants To File Complete, Full, and Comprehensive Motion to Dismiss. This motion is made pursuant to Rule 12(e), Federal Rules of Civil Procedure, and based upon the Affidavit of John Allen, Exhibits 1 Thru 74, and following reasons:

1. Plaintiff a State of Hawai'i prisoner, proceeding pro se, incarcerated within Connecticut Dept. of Correction, at Northern C.I., and MacDougall C.I., between November 15, 1996, and November 1, 2000.

2. Plaintiff a State of Hawai'i prisoner, uncertain and unclear or familiar with Connecticut District Court Local Rules of Civil Procedure requires clarification of claims and issues within Defendants' Motion to Dismiss, dated March 31, 2004.

3. Defendants are Connecticut D.O.C. officials, or employees which have filed a Motion to Dismiss, based upon the discriminatory, partial, and selective addressing of claims and issues before this Court.

-1-

4. Plaintiff is unable to adequately file a responsive pleading to defendants' Motion to Dismiss, without a clear and concise understanding of the totality of actual claims and issues before this Court.

5. Defendants have failed or refused to address plaintiff's First and Fourteenth Amendment constitutional claims in their entirety. See para. 11d Amended Complaint.

6. Defendants must address claims and issues pertaining to violations of freedom of religious association, freedom of religious expression, due process and equal protection under the law.

7. Defendants must address claims and issues pertaining to plaintiff's subjection to cultural, ethnic, racial, and religious discrimination of Native American Indian belief, heritage, and tradition.

8. Defendants must address claims and issues pertaining to lack of state or Correction Division policy for Native American Indian access to and retention of religious liturgical headwear, prior to September 2000, although other religious affiliations access to and retention of religious liturgical headwear.

9. Defendants must address claims and issues pertaining to arbitrary and capricious decisions of Wardens at Northern C.I., and MacDougall C.I., authorizing access to religious liturgical headband and wearing, only in plaintiff's cell, and only in H Unit and J Unit housing and recreation areas, although other religious affiliations permitted usage of religious liturgical headwear at all times throughout institutions.

10. Defendants must address claims and issues pertaining to plaintiff's affiliate membership with Earthbridge Inc., People of the Red Tail, Pan American Indian Association, and Red Tail Alliance; and prohibitions on receipt of donations of religious liturgical/ceremonial items, and Smudging Ceremonial materials.

11. Defendants must address claims and issues pertaining to institutional requirements solely for purchase of religious liturgical headband from Commissary, and smudging materials from outside supplier or vendor, rather than receipt of donations from Native American Indian religious groups.

- 2 -

12. Defendants must address claims and issues pertaining to denial of forwarding of religious correspondence from Native American Indian religious groups.

13. Defendants must address claims and issues pertaining to denial of official written notification of rejection of correspondence containing religious ceremonial items, and religious literature from Native American Indian religious groups.

14. Defendants must address claims and issues pertaining to confiscation and summary disposal of religious headband, as contraband, based lack of state or Correction Division policy for Native American Indian religious practitioners.

15. Defendants must address claims and issues pertaining to denial of receipt of sacred religious liturgical headbands received from Northern C.I., by MacDougall C.I. Admissions and Processing based upon lack of state or Correction Division policy for Native American Indian religious practitioner access and retention.

16. Defendants must address claims and issues pertaining to summary disposal of religious liturgical headbands, as unauthorized property, based on lack of state or Correction Division policy for Native American Indian religious practitioner access and retention.

17. Defendants must address claims and issues pertaining to cultural, ethnic, and racial discrimination through inaccurate classification of plaintiff as BLACK, although of multi-cultural and multi-racial mixed blood - Mestizo ancestry.

18. The ends of justice would be best served through this Honorable Court requiring the defendants, Connecticut D.O.C. officials and employees to file a Complete, Full, and Comprehensive Motion to Dismiss, of all claims and issues before the Court, rather than the current discriminatory, partial, and selective addressing of claims and issues.

19. For the reasons stated herein, and based upon the Affidavit of John Allen, and Exhibits 1 thru 74, plaintiff prays this Honorable Court will grant his Motion for More Definite Statement - To Require Defendants To File Complete, Full, and Comprehensive Motion to Dismiss.

Dated: Pound, Virginia, May 25, 2004

John Allen
John Allen 287059
Plaintiff          Pro Se
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279

-3-

69. Affiant is unable at the present to frame an adequate and reasonable responsive pleading due to the ambiguous nature of defendants' Motion to Dismiss, dated March 31, 2004, from the discriminatory, partial, and selective addressing of claims and issues, without the providing of a clear, comprehensive, and concise understanding of the totality of actual claims and issues before the Court.

70. For the reasons stated herein, and the attached Exhibits 1 thru 14, affiant prays this Honorable Court will grant a Motion for More Definite Statement-to Require Defendants to file Complete, Full, and Comprehensive Motion to Dismiss.

Further affiant says naught.

I declare under penalty of perjury the foregoing affidavit and exhibits, to be true and accurate to the best of my knowledge, information, and belief.

Dated: Pound, Virginia, May 25, 2004

_____
John Allen 267054                Plaintiff Pro Se
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279

### CERTIFICATION

I certify that a copy of the foregoing documents was placed in U.S. Mail, postage prepaid, on May 25, 2004, for service on party listed below:

Steven R. Strom,
Assistant Attorney General, State of Connecticut
110 Sherman Street
Hartford, Connecticut 06105
Attorney for Connecticut DOC Defendants

_____
John Allen 267054                Plaintiff Pro Se
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279