Receipt of Smudging Materials

Inmate Name: John Allen
Inmate # 251468

1 glass ash tray
1 sm. abalone shell
4 measuring cups (medicine cups)
1 Bic lighter
1 feather
1 sweet grass braid.
1 Indian life paper.

Staff Signature:   Chaplain Allen                3/23/2000
Reviewed by:       John American Chaplain Allen  3/23/2000

Rev. Hicks

Exhibit 43

## MACDOUGALL CORRECTIONAL INSTITUTION
### 1153 EAST STREET SOUTH
### SUFFIELD, CONNECTICUT 06080

## RECEIPT OF SMUDGING MATERIALS

INMATE NAME    John Allen

INMATE NUMBER    251468

LIST AND DESCRIPTION OF ITEMS RECEIVED:

QTY 1 - SHELL - Abalone
QTY 1 - Feather Turkey
QTY 1 - Sweet Grass Braid w/ Red Felt Wrap
1/4 ounce of Flat Cedar
1/2 ounce of Sage

INMATE SIGNATURE    John Allen

DATE    12/8/99

STAFF SIGNATURE    [signature]

DATE    12/8/99

UNIT MANAGER OR DESIGNEE    _____

DATE    _____

CC: UNIT MANAGER
    PROPERTY OFFICER
    INMATE SMUDGING FILE

Exhibit 44

Attachment C

# INDIVIDUAL SMUDGING AGREEMENT

July 23, 1999

As a participant in the Individual Smudging Program at Northern Correctional Institution, I acknowledge that I understand the following:

1. I cannot give, lend, or share any smudging materials and items with any other inmate. Any transfer of smudging materials in any way to another inmate is a violation of the smudging policy.

2. I must personally purchase all smudging materials and items myself, with all requests being processed by the Religious Coordinator. No third party purchases are allowed. All items not received according to the Northern Correctional Institution Unit Directives will be rejected.

3. No individual smudging material can be brought into the institution on a visit nor by a Religious Volunteer.

4. All flammable individual smudging materials (i.e., tobacco, sweetgrass, sage, etc.) must be totally consumed outside during smudging time. Any attempt to bring any flammable materials back into the building is forbidden.

5. An indigent inmate, as defined in Administrative Directive 6.10 paragraph 3A, will by exception, be allowed to receive a reasonable amount of donated smudging materials. These materials must come directly only from the Elders and be processed through the Religious Coordinator in the same way as the materials for the non-indigent inmates. The Religious Coordinator will determine the status of indigency in each case and this status will be reviewed whenever there is a need for additional smudging material. Donated items are given solely at the discretion of the Elders and their resources are limited. An indigent inmate has no right or claim to their generosity.

6. I understand that if I wish to smudge on weekends or holidays when the usual support staff is not working, I must advise the Unit Officer as early as possible so he/she can contact the Lieutenant.

7. When smudging I am allowed to measure out up to one-half ounce (by volume) of smudging material as indicated by the measuring line on the measuring cup that the institution has provided and which is stored with my smudging supplies.

8. Any violation of any part of this agreement may result in the removal from the Individual Smudging Program for at least six (6) months.

9. By my signature, I acknowledge that I understand all of the above that is has been verbally explained to me by the staff person who has also signed, and I have no unanswered questions.

_____     2-17-2000
Inmate Signature and Number              Date

_____     2-18-2000
Religious Coordinator or Other           Date

c:  Unit Manager
    Religious Coordinator
    Inmate
    File

Exhibit 45

# INDIVIDUAL SMUDGING AGREEMENT

AS A PARTICIPANT IN THE INDIVIDUAL SMUDGING PROGRAM AT MACDOUGALL C.I., I ACKNOWLEDGE THAT I UNDERSTAND THE FOLLOWING:

1. I CAN NOT GIVE, LEND OR SHARE ANY SMUDGING MATERIALS OR ITEMS WITH ANY OTHER INMATE. ANY TRANSFER OF SMUDGING MATERIALS IN ANY WAY TO ANOTHER INMATE IS A VIOLATION OF THE SMUDGING POLICY.

2. I MUST PERSONALLY PURCHASE ALL SMUDGING MATERIALS AND ITEMS MYSELF, WITH ALL REQUESTS BEING PROCESSED BY THE RELIGIOUS COORDINATOR. NO THIRD PARTY PURCHASES ARE ALLOWED. ALL ITEMS NOT RECEIVED ACCORDING TO THE MACDOUGALL C.I. UNIT DIRECTIVE WILL BE REJECTED.

3. NO INDIVIDUAL SMUDGING MATERIAL CAN BE BROUGHT INTO THE INSTITUTION ON A VISIT NOR BY A RELIGIOUS VOLUNTEER.

4. **ALL** FLAMMABLE INDIVIDUAL SMUDGING MATERIALS (TOBACCO, SWEETGRASS, SAGE, ETC.) MUST BE TOTALLY CONSUMED OUTSIDE DURING "SMUDGE TIME". ANY ATTEMPT TO BRING ANY FLAMMABLE MATERIALS BACK INTO THE BUILDING IS FORBIDDEN.

5. ALL PROVISIONS OF THE UNIT DIRECTIVE (10.8.2) REMAIN IN EFFECT.

6. WATER PURIFICATION IS THE SUBSTITUTE PRAYER FORMAT FOR INMATES WHO HAVE EXCLUDED THEMSELVES FROM THE INDIVIDUAL SMUDGING PROGRAM BY UNACCEPTABLE BEHAVIOR.

7. I UNDERSTAND THAT IF I WISH TO SMUDGE ON WEEKENDS OR HOLIDAYS WHEN THE USUAL SUPPORT STAFF IS NOT WORKING, I MUST ADVISE THE UNIT CORRECTION OFFICER AS EARLY AS POSSIBLE SO HE/SHE CAN CONTACT THE LIEUTENANT.

8. I UNDERSTAND THAT ALL SMUDGING ON THE DAYS WHEN COLLECTIVE NATIVE AMERICAN SERVICES ARE BEING HELD SHALL BE DURING THAT SERVICE ONLY. IF NATIVE AMERICAN SERVICES ARE CANCELLED, INDIVIDUAL SMUDGING WILL BE ALLOWED PER THIS INDIVIDUAL SMUDGING AGREEMENT.

9. WHEN SMUDGING, I AM ALLOWED TO MEASURE OUT UP TO ONE-HALF OUNCE (BY VOLUME) OF SMUDGING MATERIAL AS INDICATED BY THE MEASURING LINE ON THE MEASURING CUP THAT THE INSTITUTION HAS PROVIDED AND WHICH IS STORED WITH MY SMUDGING SUPPLIES.

10. ANY VIOLATION OF ANY PART OF THIS AGREEMENT MAY RESULT IN REMOVAL FROM THE INDIVIDUAL SMUDGING PROGRAM FOR AT LEAST SIX MONTHS.

11. BY MY SIGNATURE, I ACKNOWLEDGE THAT I UNDERSTAND ALL OF THE ABOVE, THAT IT HAS BEEN VERBALLY EXPLAINED TO ME BY THE STAFF PERSON WHO HAS ALSO SIGNED IT, AND I HAVE NO UNANSWERED QUESTIONS.

_[signature]_     251468     December 8, 1999
INMATE NAME     NUMBER     DATE

_[signature]_     December 8, 1999
RELIGIOUS COORDINATOR OR OTHER STAFF     DATE

CC:     UNIT MANAGER
        RELIGIOUS COORDINATOR
        INMATE INDIVIDUAL SMUDGING FILE
        INMATE

(REVISED 8/17/98--REPLACES ALL PREVIOUS VERSIONS)

Exhibit 46




# Pan American Indian Assoc.
<><><><><><><><><><><><><><><><><>
### Clan Mother Corn Woman
(727) 545-5053
cornwoman@mindspring.com

April 15, 2000

Dear John Allen,

It is late again, you are not the only one I am mailing late this month. Time is going too fast.

I should hope by now, the problem has been resolved concerning your stones. I am putting in a copy of my last letter to you, with the envelope, to show you I did send them. It is for this very reason that I keep records. I may take a while to write, but requests are generally sent promptly.

Walk in balance,

Corn Woman

Exhibit 47

Exhibit 48

April 15, 2000

O'siyo John,

Hoping this letter finds you well and in good spirits. I imagine the weather there is quite cold! It is here, delaying me getting out to the mail with your package.

I am sending you three stones, I enclosed a rose quartz, feeling you needed it for concerns of the heart. Since I recycle all things I am able to, I felt the glove finger would do well, to protect the stones. There is some fine sage and cedar smudge in the bag for protection of the unseen kind.

Thank you Chaplain Rene for your assistance in this matter, getting the stones to John Allen #251468.

Sincerely,

---

John Allen 251468
MacDougall Correctional Institution
1153 East ~~Street~~ Street South
Suffield, Connecticut 06080

c/o CHAPLAIN RENE

2

1/15/9K

to 3 sent for Stones

Stones & Letter out 1/27/00

LOOK UP LAST LETTER
SEND STONES
ASAP

CORN

Pan American Indian Association
Clan Mother Corn Woman
P.O. Box 3256
Pinellas Park, Florida 33780

HARTFORD CT 06101
PM 30 DEC 1999

Im. piece of Crystal & turquoise give him a rose [quartz]

33780+3256

# CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

Date: April 25, 2000

HOUSING UNIT: (I)  II  III       (EAST) or WEST       Cell # 207
(Circle One)

Inmate Name: John Allen          Number: 251468

Request: To learn of disposition or what happened with Native American religious ceremonial items, three (3) gemstones sent by Pan American Indian Association, Clan Mother, Cornwoman, P.O. Box 3056, Pinellas Park, Florida 33780, to MacDougall C.I. January 27, 2000. No official notification received informing of the disposition of these religious ceremonial items.

(Continue on back if necessary)

Submitted to: Chaplain Rene Kieda, MacDougall C.I.    Date Received: _____

Acted on by: _____

Action taken and/or response: Hi John
To the best of my knowledge - these gemstones have not been received at Mac-Dougall - I have followed up on this request - after numerous correspondence between Rev. Bruno and yourself -

Date of Response to Inmate: 5/5/10

Signature of Staff Member: [signature]

NCI 050

cc: Chaplain Rene Kieda, MacDougall C.I.
Rev. Bruno, Director, Religious Services
Deputy Commissioner Tokarz
Warden Strange, MacDougall C.I.

Exhibit 49



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

May 2, 2000

John Allen #251468
Northern CI
287 Bilton Road
Somers, CT 06071

Mr. Allen:

I am responding to your letter dated April 25, 2000.

The Facility Religious Coordinator at MacDougall CI will look into this.

You were informed on January 5, 2000 that you could not purchase "gemstones".

Were they ordered without permission? You claim they were sent to MacDougall CI on January 27, 2000.

Sending this same request to Deputy Commissioner Tokarz, the Warden, the Facility Religious Coordinator and me is not necessary.

Sincerely,

Rev. Anthony J. Bruno
Director of Religious Services

AJB:mlf

cc: Jack Tokarz, Deputy Commissioner
    Brian K. Murphy, Complex 1 Warden
    James Huckabey, Complex 4 Warden
    Larry J. Myers, Warden, Northern
    Mark Strange, Warden, MacDougall
    Rev. Julio Colon, Complex 1 Religious Coordinator
    Deacon Rene Kieda, Complex 4 Religious Coordinator
    Rev. James Hicks, Facility Religious Coordinator, Northern CI

Exhibit 50



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

| Inmate name | John Allen | | Inmate No. 251468 |
|---|---|---|---|
| Facility Northern C.I. | | Housing unit 1 East 107 | Date 4-26-2000 |

[X] Line grievance  [ ] Line emergency  [ ] Health grievance  [ ] Health emergency

**1. Informal resolution.** Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

Official Letter from Deputy Commissioner Tokarz

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.) On Mar 21, 2000, submitted Inmate Request to obtain approval/authorization for acquisition of Native American religious/ceremonial items, Medicine/Peace pipe and pipe bag, and genuine ermine, fox, or rabbit hides or skins to wrap traditional braided hairstyle. On Apr 4, 2000, received denial to request from Deputy Commissioner Tokarz, in letter dated March 27, 2000. This denial violates First and Fourteenth Amendment U.S. Constitution guarantees of right to freedom of religious expression and right to equal protection under the law, through cultural, ethnic, racial, and religious discrimination of Native American heritage and tradition, since no clear safety, security concerns or other penological justification or restriction to access has been provided or proven.

**3. Action requested.** Describe what action you want taken to remedy the grievance. Have Dept. of Correction, Connecticut, through Deputy Commissioner Tokarz and Rev. Bruno, Religious Services discontinue cultural, ethnic, racial, and religious discrimination of Native American heritage and tradition, through denial of access to Native American religious/ceremonial items, Medicine/Peace pipe, pipe bag, and genuine ermine, fox, or rabbit hides or skins.

Inmate signature John Allen

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| IGP no. | | T no. | |
|---|---|---|---|
| Date received MAY 0 1 2000 | Disposition | | Date of disposition |

Grievance issue Denial of Access to Religious/Ceremonial Items - Department Level Issue

Reasons




Exhibit 51

Level-1 reviewer



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

| Inmate name | John Allen | | Inmate No. 251468 |
|---|---|---|---|
| Facility Northern C.I. | | Housing unit 1 East 207 | Date 4-27-2000 |

[X] Line grievance   [ ] Line emergency   [ ] Health grievance   [ ] Health emergency

**1. Informal resolution.** Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

No response to Inmate Request dated April 3, 2000, to Captain Rodriguez to obtain inventory from Smudging Materials. Lost or missing religious/ceremonial items received March 29, 2000, from MacDougall C.I.

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

On Mar. 29, 2000, Chaplain Hicks provided Native American religious/ceremonial items, Smudging materials received from MacDougall C.I., to Capt. Rodriguez, 1 West. Allen was never provided documented inventory of these religious/ceremonial items, on Apr 3, 2000, Inmate Request submitted to receive inventory and obtain access to religious/ceremonial items to perform Smudging Ceremony. On Apr. 5, 2000, Allen discovered that two major religious/ceremonial items 1/2 oz of sage, and 1/4 oz of Flat Cedar, were missing or lost when escorted by C/O's Fernandes and Howarth to perform Smudging Ceremony. The disposal of these religious/ceremonial items violates procedures under Administrative Directive 10.8 and First and Fourteenth Amendment, U.S. Constitution guarantees of freedom of religious expression, denial of equal protection under the law, and denial of proper procedural due process, through the deliberate intentional and malicious destruction or disposal of sacred religious/ceremonial items in retaliation for disruptive behavior of smearing feces on walls at Restrictive Housing Unit, MacDougall C.I.

**3. Action requested.** Describe what action you want taken to remedy the grievance. Have Dept. of Corrections, MacDougall C.I., or Northern C.I. replace lost or missing Native American religious/ceremonial items used in Smudging Ceremony, specifically 1/2 oz sage, and 1/4 oz Flat Cedar, deliberately, intentionally and maliciously destroyed or disposed of, in retaliation for disruptive behavior of smearing feces (shit) on cell walls at MacDougall C.I., violating Allen's First and Fourteenth Amendment, U.S. Constitution rights, and Administrative Directive 10.8.

Inmate signature John Allen

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| IGP no. | | T no. | |
|---|---|---|---|
| Date received MAY 0 4 2000 | Disposition | | Date of disposition |

Grievance issue Lost or Missing Religious/Ceremonial Items Received from MacDougall C.I.  Department Level Issue

Reasons

Exhibit 52

Level-1 reviewer



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name: John Atley
Inmate No.: 251468
Facility: Northern C.I.
Housing unit: 1 East 207
Date: 4-28-2000

[X] Line grievance   [ ] Line emergency   [ ] Health grievance   [ ] Health emergency

**1. Informal resolution.** Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

No informal resolution for violation of First, Fourth, and Fourteenth Amendment, U.S. Constitution guarantees.

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.) On Feb. 1, 2000,

Atley was transferred to Northern C.I. from MacDougall C.I. on Feb. 2, 2000. Atley refused to sign property inventory form, Attachment B, which failed to adequately or effectively list all personal property items, including store bought items and religious/ceremonial items. The failure or refusal to provide detailed documentation or Inventory of personal property items, especially Commissary, legal, and religious materials denies inmates the ability or opportunity to substantiate actual possession of items, upon illegal search, seizure, or confiscation of Commissary, legal or religious items, in violation of First, Fourth, and Fourteenth Amendment, U.S. Constitution guarantees of protection of religious expression, denial of adequate, effective and meaningful access to courts [crossed out] to petition for redress of grievances, and denial of proper procedural due process prior to confiscation, seizure, deliberate, intentional destruction or disposal of personal property.

**3. Action requested.** Describe what action you want taken to remedy the grievance. Have Dept. of Corrections, and Correctional institutions, Northern C.I., etc. discontinue policy and practice of denial of failure or refusal to provide detailed documentation or Inventory of personal property items, especially Commissary, legal and religious materials denying inmates the ability or opportunity to substantiate actual possession of items, or illegal, unlawful search, seizure, or confiscation in violation of First, Fourth, and Fourteenth Amendment, U.S. Constitution guarantees.

Inmate signature: John Atley

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no.:
T no.:
Date received: MAY 0 1 2000
Disposition:
Date of disposition:
Grievance issue: Failure or Refusal to provide Detailed Documentation or Inventory of Personal Property items Religious + Legal Materials
Reasons:

Exhibit 53

Level-1 reviewer:

 # NORTHERN CORRECTIONAL INSTITUTION

TO:       Inmate Allen, John #251468       1E-207B

FROM:     Grievance Coordinator DiGennaro

DATE:     May 4, 2000

SUBJECT:  Grievances submitted on 5/1/00 & 5/3/00

---

This memo is to inform you that the three grievances you submitted on May 1, 2000 and the one submitted on May 3, 2000 are being rejected. This rejection is due to your being placed on restriction on 3/14/00. You were informed in writing of this and told it was due to your excessive filing of grievances over the course of one week and the abuse of the grievance procedure.

Exhibit 54

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name: John Allen
Inmate No.: 251468
Facility: Northern C.I.
Housing unit: 1 East 213
Date: 5-22-2000

[X] Line grievance  [ ] Line emergency  [ ] Health grievance  [ ] Health emergency

**1. Informal resolution.** Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

No informal resolution to violations of First and Fourteenth Amendment, U.S. Constitution guarantees

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

Allen submitted request to learn of disposition of Native American religious/ceremonial gemstones, three received via U.S. mail at MacDougall C.I.; Allen has been denied or refused notification of the rejection of correspondence, the consisting of religious materials, in violation of Administrative Directive 10.7, and First and Fourteenth Amendment, U.S. Constitution guarantees of freedom of association with outside prison religious groups, freedom of religious expression, through notification, and denial of proper procedural due process in the rejection of correspondence, through notification and opportunity to contest rejection, and the failure of institution to forward correspondence following transfer of inmate.

**3. Action requested.** Describe what action you want taken to remedy the grievance.

Have Dept. of Corrections, and MacDougall C.I. and Northern C.I. discontinue policy and practice of the denial or refuse to provide notification of rejection of correspondence, or the forwarding of correspondence of transferred inmate, in violation of Administrative Directive 10.7, and First and Fourteenth Amendment, U.S. Constitution guarantees of freedom of association and denial of proper procedural due process in the rejection of correspondence.

Inmate signature: John Allen

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no.: 
T no.: 
Date received: MAY 26 2000
Disposition: 
Date of disposition: 

Grievance issue: Denial or Refusal to Provide Notification of Rejection of Correspondence, Violation of First and Fourteenth Amendment, U.S. Constitution

Reasons:

Exhibit 55

Level-1 reviewer:

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name: John Allen
Inmate No.: 251468
Facility: Northern C.I.
Housing unit: 1East 213
Date: 5-22-2000

[X] Line grievance  [ ] Line emergency  [ ] Health grievance  [ ] Health emergency

**1. Informal resolution.** Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

Spoke with Lt. Casey and Capt. Regan on May 16, 2000, concern confiscated/missing religious books, Circle within Circles, author, Frances Lombardi, Lord of the Dawn, author, Tony Shearer, Warriors of the Rainbow, Vinson Brown, Dance me Outside, author, W. Kinsella, Voices of Earth and Sky, author, Vinson Brown.

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

Allen placed on in-cell restraint for smearing feces (shit) on cell wall, #207, 1East. Allen's personal property was confiscated and inventoried by C/O's Allison and Fernandes. Upon return of personal property on May 16, 2000, Allen discovered that five Native American religious books missing in violation of Administrative Directive 6.10. C/O's Allison and Fernandes failed or refused to properly inventory personal property, likewise the Dept of Correction policy and procedure and practice, denytal or refuse to provide detailed inventory on property Matrix, Inmate Property Inventory Form, Attachment B, resulting in the ability to deliberately, intentionally, and maliciously confiscate, and destroy or dispose of inmate personal property in violation of First, Fourth and Fourteenth Amendment Constitutional guarantees of freedom of expression, freedom from illegal search and seizure, denial of proper procedural due process.

**3. Action requested.** Describe what action you want taken to remedy the grievance.

Have Dept. of Correction and Northern C.I. discontinue policy and practice, and procedure of denial, failure, or refusal to provide detailed inventory of personal property, for Property Matrix and Inmate Property Inventory Form, Attachment B, resulting in the deliberate, intentional, and malicious confiscation, destruction, or disposal of inmate personal property items, in violation of First, Fourth, and Fourteenth Amendment U.S. Constitutional guarantees of freedom of expression, freedom from illegal search and seizure, and denial of proper procedural due process. Have Native American religious books returned or replaced, or compensation provided for repurchase.

Inmate signature: John Allen

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no.: 
T no.: 
Date received: MAY 2 5 2000
Disposition: 
Date of disposition: 
Grievance issue: Confiscation and Disposal of Religious Material, Violation of First, Fourth, and Fourteenth Amendment U.S. Constitution
Reasons:

Exhibit 56

Level-1 reviewer



# NORTHERN CORRECTIONAL INSTITUTION

**TO:** Inmate Allen, John #251468        1E-213B

**FROM:** Grievance Coordinator DiGennaro

**DATE:** May 30, 2000

**SUBJECT:** Grievances submitted on 5/24/00, 5/25/00, and 5/26/00

---

This memo is to inform you that the grievances you submitted May 24-26, 2000 are being rejected. This rejection is due to your being placed on restriction on 3/14/00. You have already submitted your allowable grievance for the month of May. You were informed in writing of this and told it was due to your excessive filing of grievances over the course of one week and the abuse of the grievance procedure.

Exhibit 57