John Allen 281059
John Allen
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279
Plaintiff   Pro Se

FILED
2004 OCT -7 P 4: 21
U.S. DISTRICT COURT
BRIDGEPORT, CT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

John Allen, 281059,
    Plaintiff,
v.
John Armstrong, et al.,
    Defendants.

CIVIL NO. 3:02CV1818(DJS)(TPS)

MOTION IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS; AFFIDAVIT OF JOHN ALLEN; CERTIFICATE OF SERVICE.

MOTION IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

Come now plaintiff John Allen, 281059, a State of Hawai'i prisoner, and hereby moves this Honorable Court, through Motion In Opposition to Defendants Motion to Dismiss, dated March 31, 2004. This motion is made pursuant to Federal Rules of Civil Procedure, and is based upon Affidavit of John Allen, and the following reasons:

A1. Defendants Connecticut DOC officials and employees have filed Motion to Dismiss, dated March 31, 2004, which grossly misrepresents facts alleged in plaintiff's amended complaint, through discriminatory, partial, and selective responsive pleading.

2. Plaintiff filed Motion for More Definite Statement - To Require Defendants To File, Complete, Full, and Comprehensive Motion to Dismiss, dated May 25, 2004, Affidavit of John Allen, dated May 25, 2004, and attached Exhibits 1 thru 74.

3. Plaintiff incorporates by reference, Motion for More Definite Statement - To Require Defendants To File, Complete, Full, and Comprehensive Motion to Dismiss, dated May 25, 2004, Affidavit of John Allen, dated May 25, 2004, and Exhibits 1 thru 74, within plaintiff's Motion In Opposition To Defendants Motion to Dismiss.

B. Defendants Motion to Dismiss Premature.

1. Defendants reliance on stated defenses are all premature at this stage of court proceedings.

2. Defendants reliance on defenses of Mootness, Res Judicata or Collateral

-1-

Estoppel, Eleventh Amendment Immunity, Qualified Immunity, Failure to Exhaust Administrative Remedies, Safety and Security, Abstention, etc., are premature at this stage under standard for review of facts alleged in plaintiff's amended complaint.

3. Defendants Motion to Dismiss, constitutes a clear distortion and misrepresentation of facts alleged of claims and issues pertaining to First and Fourteenth Amendment constitutional violations, regarding access, retention, and use of religious liturgical headband, and religious ceremonial items for retention in medicine bag/pouch, stemming from denial of or lack of DOC or state policy for Native American Indian practitioners prior to September 2000; although other religious affiliations afforded access, retention, and use of religious liturgical headwear, and religious ceremonial items, at both Northern C.I., and MacDougall C.I.

C. Standard of Review for Motion to Dismiss under Rule 12(b)(6).

1. Pursuant to Prisoners' Self Help Litigation Manual, Part II, Enforcing Your Rights, IX. How to Litigate, I. Motion to Dismiss or Judgment on the Pleadings, Y, P. 533. "In deciding a motion to dismiss, the court must assume that all facts your complaint alleged are true,[239] and must construe your factual allegations in the light most favorable to you.[240] The court considers only the allegations in the complaint, and it should dismiss your complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."[241]

[239] Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1982).
[240] Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).
[241] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

2. The threshold for review rests on whether after the Court assumes all facts alleged within plaintiff's amended complaint are true, rather than reliance upon defendants Motion to Dismiss, which grossly distorts and misrepresents actual facts alleged; the Court will construe all plaintiff's factual allegations in the light most favorable to plaintiff, not basing or solely relying upon discriminatory, partial, and selective version of some of facts alleged, through presentation of numerous defenses from defendants Motion to Dismiss, that at this present stage of Court proceedings are premature; the Court should dismiss plaintiff's amended complaint only if it appears beyond doubt no set of facts alleged provide proof or demonstrate tangible evidence to entitle plaintiff to some form or type of relief however remote, whether nominal, punitive, compensatory, injunctive, or declaratory; in support of claims and issues pertaining to subjection to cultural, ethnic, racial, and religious invidious discrimination of Native American Indian religion and sincerely held religious belief, through denial

-2-

or lack of DOC or state policies under Administrative Directives 10.8 Religious Services, 6.10 Inmate Property, and 3.8 Commissary, for access, retention, and wearing of religious liturgical headband, and use of religious ceremonial items for retention in medicine bag/pouch, prior to September 2000, although other religious affiliations were afforded access, retention, and wearing of religious liturgical headwear, and use of religious ceremonial items, cross, crucifix, medallions, etc.; and the requirement for purchase of religious liturgical headband, and religious ceremonial items for retention in medicine bag/pouch, through prohibition on direct donations from Native American Indian religious groups; rather the deferring to defendants Motion to Dismiss, which clearly distorts and misrepresents the accuracy of plaintiff's factual allegations within amended complaint.

For the reasons stated herein, and Affidavit of John Allen, the incorporated Motion for More Definite Statement – To Require Defendants To File, Complete, Full, and Comprehensive Motion to Dismiss, dated May 25, 2004, Affidavit of John Allen, dated May 25, 2004, and Exhibits 1 thru 74; plaintiff prays this Court will grant his Motion In Opposition to Defendants Motion to Dismiss.

Dated: Pound, Virginia, <u>October 1, 2004</u>

<u>John Allen</u>
John Allen 281054    Plaintiff Pro Se
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing documents was placed in United States Mail, postage prepaid, on <u>October 1, 2004</u>, for service on party listed below:
Steven R. Strom, Assistant Attorney General, State of Connecticut
110 Sherman Street, Hartford, Connecticut 06105
Attorney for Connecticut DOC Defendants

<u>John Allen</u>
John Allen 281054
Plaintiff Pro Se
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279

-3-