IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

John Allen, 281059
Plaintiff,

v.

John Armstrong, et al.
Defendants

CIVIL NO. 3:02CV1818(DJS)(TPS)

AFFIDAVIT OF JOHN ALLEN

## AFFIDAVIT OF JOHN ALLEN

STATE OF VIRGINIA
CITY OF POUND } SS.

Affiant John Allen, 281059, being duly sworn, on oath, deposes and says:

1. Affiant is proceeding pro se in the above entitled action, and he brings this action in good faith.

2. Affiant is a State of Hawaii prisoner, incarcerated within Connecticut DOC, under Interstate Corrections Compact Agreement, at Northern C.I. and MacDougall C.I., between November 15, 1996, and November 1, 2000.

3. Affiant filed Civil Complaint dated October 4, 2002, which was amended on February 15, 2003, to incorporate all defendants in their official capacity.

4. Defendants filed Motion to Dismiss, dated March 31, 2004, based upon discriminatory, partial, and selective addressing of plaintiff's claims and issues, which effectively distorts and misrepresents the actual facts alleged within plaintiff's amended complaint.

5. Affiant filed Motion for More Definite Statement-To Require Defendants To File Complete, Full, and Comprehensive Motion to Dismiss, dated May 25, 2004, Affidavit of John Allen, dated May 25, 2004, and attached Exhibits 1 thru 74.

6. Affiant's Motion for More Definite Statement-To Require Defendants To File, Complete, Full, and Comprehensive Motion to Dismiss, with incorporated Affidavit of John Allen and Exhibits 1 thru 74, was denied in Ruling and Order dated September 8, 2004, received at Red Onion State Prison, on September 20, 2004.

7. Affiant received Ruling and Order, dated September 8, 2004, which requires affiant to provide responsive pleading to defendant's Motion to Dismiss, which fails in all respects to address central and foremost claims and issues pertaining to objection to cultural, ethnic, racial, and religious invidious discrimination of Native American Indian religious belief, through denial or lack of DOC or state policy for Native American Indian practitioners, access, retention and use of religious hair, ritual headband, and religious ceremonial items for retention in medicine bag/pouch, although affording access, retention

—1—

and use of religious liturgical headwear, and religious ceremonial items to other religious affiliations, prior to September 2000.

8. Defendants Motion to Dismiss demonstrates a clear case of deliberate and intentional distortion and misrepresentation of actual facts alleged within amended complaint. For instance, the confiscation and disposal of five (5) religious liturgical headbands, as contraband, or as unauthorized property, centers upon the denial or lack of DOC or state policy, under Administrative Directives 10.8 Religious Services, and 6.10 Inmate Property, although other religious affiliations afforded access, retention, and wearing of religious liturgical headwear. See, Amended Complaint, paragraphs, 39, 40, 41 and 42; 47 and 48.

9. Affiant must under the standard of review for dismissal pursuant to Rule 12(b)(6), provide or demonstrate proof of facts which support his claims or issues, which would entitle him to relief.

10. Affiant's amended complaint must be construed liberally and all facts accepted as true, requiring a review of all pertinent and relevant facts, not based upon distorted or misrepresented facts through discriminatory, partial, and selective responsive pleading.

11. Affiant has incorporated Motion for More Definite Statement - To Require Defendants To File, Complete, Full, and Comprehensive Motion to Dismiss, dated May 25, 2004, with Affidavit of John Allen, dated May 25, 2004, and Exhibits 1 thru 74; for consideration by the Court.

12. Affiant's amended complaint refers to these specific Exhibits, e.g. letters written to various DOC officials, letters received from DOC officials, Inmate Requests sent to prison staff, Memos received from prison staff, Inmate Grievances submitted to exhaust administrative remedies, Inmate Grievance responses from prison wardens and DOC officials, etc.; these numerous Exhibits constitute tangible evidence, even if the Court rejects actual review of the specific Exhibits; affiant's capability of providing or demonstrating proof of facts alleged to support claims regarding cultural, ethnic, racial, and religious invidious discrimination of Native American Indian religion and sincerely held religious belief, must be construed in light most favorable to plaintiff's factual allegations without regard for type of relief sought, whether declaratory, injunctive, compensatory, punitive, or nominal, if some form of type relief however remote, the Court should not dismiss the complaint.

13. Defendants Motion to Dismiss, likewise demonstrates deliberate and intentional distortion and misrepresentation of actual facts alleged within plaintiff's amended complaint pertaining to acquisition of religious ceremonial items for retention in medicine bag/ pouch, which again centers upon the denial or lack of DOC or state policy under Administrative Directives 10.8 Religious Services, and 6.10 Inmate Property, although actual access to ceremonial medicine bag/pouch is authorized, no actual DOC or state policy was in existence for religious items to be retained in medicine bag/pouch, which is analogous to authorization for retention of television without picture tube, or ink pen without ink cartridge, or deny possession of medicine bag/pouch with no religious significance.

-2-

14. Defendants have submitted copies of Administrative Directives 10.8, 6.10, and 3.8, with their Motion to Dismiss, which at present still lacks any type listing for religious ceremonial items for retention in medicine bag/pouch, although plaintiff was repeatedly informed or suggested acquiring selected items for medicine bag/pouch in near future hopefully available through Commissary, Administrative Directive 3.8.

15. Affiant's Amended Complaint, at paragraph 55, refers to official letter from Defendant Tokarz, dated January 18, 2000, expressly states availability of selected items for retention in medicine bag/pouch, which provides or demonstrates tangible evidence in support of facts alleged, even if the Court rejects actual review of the specific Exhibit, affiant's capability to produce or provide proof to support claims regarding cultural, ethnic, racial, and religious invidious discrimination of Native American Indian religion, must be construed in the light most favorable to plaintiff's factual allegations, without regard for actual relief sought, if some form or type of relief however remote exists, the Court should not dismiss the complaint.

16. Defendants Motion to Dismiss, likewise demonstrates deliberate and intentional distortion and misrepresentation of actual facts alleged within plaintiff's amended complaint, pertaining to actual acquisition of religious ceremonial items, which again centers upon denial or lack of DOC or state policy under Administrative Directives 10.8 and 6.10 permitting donations direct from Native American Indian religious groups, specifically from Knickerbridge Inc, People of the Red Tail, Pan American Indian Association, and Red Tail Alliance, Inc. See, Amended Complaint, paragraphs 85 and 87; 107 and 110.

17. Affiant's amended complaint, refers to numerous requests for authorization/approval for acquisition of religious ceremonial items, although defendant's responses mentions actual purchase of religious ceremonial items, due to denial or lack of DOC or state policy permitting direct donations from Native American Indian religious groups, through requirement for purchase through Commissary or outside vendor of said materials. See, Amended Complaint, paragraphs 49 and 50; 54 and 55; 66 and 67; 106, 107, 108, 109, and 110.

18. Defendants Motion to Dismiss, likewise demonstrates deliberate and intentional distortion and misrepresentation of actual facts alleged within plaintiff's amended complaint, pertaining to actual acquisition of religious ceremonial items, which centers upon denial of correct racial classification or designation from BLACK, rather than reflecting mixed blood/MESTIZO-Native American/Mexican Indian-YAQUI tribe/Hispanic or Latino/African American; through repeated responses to requests for acquisition from defendant Tokarz, that affiant should speak with Native American Chaplain, defendant Allen, regarding contents of medicine bag. See, Amended Complaint, paragraphs 54 and 55; 66 and 67; 100, 101, 104 and 105.

19. For the reasons stated herein, which affiant incorporates within Motion in Opposition to Defendants Motion to Dismiss, based upon Motion for More Definite Statement to

-3-

require Defendants to file, Complete, Full, and Comprehensive Motion to Dismiss, dated May 25, 2004, Affidavit of John Allen, dated May 25, 2004, and Exhibits 1 thru 74, incorporated by reference; affiant prays this Court grant his Motion In Opposition to Defendants Motion to Dismiss.

Further affiant says naught.

I declare under penalty of perjury the foregoing is true and correct, to the best of my knowledge, information, and belief.

Dated: Pound, Virginia, <u>October 1, 2004</u>

John Allen<br>
John Allen 287059<br>
Red Onion State Prison<br>
P.O. Box 1900<br>
Pound, Virginia 24279

Plaintiff Pro Se

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing documents was placed in United States Mail, postage prepaid, on <u>October 1, 2004</u>, for service on party listed below:

Steven R. Strom, Assistant Attorney General, State of Connecticut
110 Sherman Street, Hartford, Connecticut 06105
Attorney for Connecticut DOC Defendants

John Allen<br>
John Allen 287059<br>
Plaintiff    Pro Se<br>
Red Onion State Prison<br>
P.O. Box 1900<br>
Pound, Virginia 24279

Dated: Pound, Virginia, <u>October 1, 2004</u>