UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ALLEN | : | PRISONER |
| | : | CIVIL NO. 3:02CV1818(DJS)(TPS) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL., | : | MAY 3, 2005 |
| *Defendants*. | : | |

**ANSWER AND DEFENSES**

The defendants answer plaintiff's pro se Amended Complaint, filed February 25, 2003 as follows:

1. Plaintiff's Amended Complaint is barred, in part, by the Statute of Limitations. See Ruling and Order on Motion to Dismiss, [#36].

2. Jurisdiction is denied.

As to **- Parties**:

3. Paragraph 1 is denied. Plaintiff is a State of Hawaii prisoner, incarcerated in the State of Virginia, at Red Onion State Prison, on information and belief, on the date of this Answer, and he has not been incarcerated in a Connecticut DOC facility since October 31, 2000.

4. Paragraphs 2 -23 are denied, except it is admitted that John Armstrong is the former Commissioner of the Department of Correction (DOC), that Jack Tokarz is the former Deputy Commissioner for Programs, that Fr. Bruno is Director of Religious Services, that Fred Levesque is the Director of Offender Classification and Population Management for the DOC, that Warden Gomez is the former Warden of Northern CI, that Larry Myers is the former warden

of Northern CI, that Brian Murphy is a former Complex Warden and is presently Deputy Commissioner of Operations for DOC, that Mark Strange is former Warden of MacDougall CI, that James Huckabey, is former Complex Warden, that Mark Allen is a Native American chaplain for the DOC, that Rene Keida is a Chaplain for DOC, that Coates Kearney and Lajoie are former Majors at Northern CI, that Cleaver is a Captain at MacDougall CI, and that as to defendants Mahoney, Vadnais, Hernandez, Allison, and Fernandes, defendants are without knowledge or information sufficient to form a belief and leave plaintiff to his proof. As to DiGennaro, the motion to dismiss was granted, therefore no response from her is required.. Any and all allegations of wrongdoing are denied. At all times relevant to the complaint the defendants either had no personal involvement or acted in an objectively lawful manner, in good faith within the scope of their employment and without knowledge they were in violation of any clearly established rights of the plaintiff, and thus they are entitled to qualified immunity.

5. As to the attached narrative <u>pro se</u> "FACTUAL ALLEGATIONS" paragraphs 24- 144, at pp. 3-.114, are denied, except it is admitted that plaintiff was removed by Hawaii officials from the custody of the Commissioner of DOC, on October 31, 2000.

6. Plaintiff's prayers for relief are denied.

7. Plaintiff's claims for injunctive and declaratory relief are moot. Plaintiff's claims for money damages are barred because, inter alia, he has no injury, and further they are barred by qualified immunity.

**FIRST AFFIRMATIVE DEFENSE**

The action is barred by the Statute of Limitations

### SECOND AFFIRMATIVE DEFENSE

This action is barred for lack of any personal injury under the PLRA (Prison Litigation Reform Act.)

### THIRD AFFIRMATIVE DEFENSE

The defendants lack the requisite personal involvement under 42 U.S.C. § 1983 and respondeat superior is not available.

### FOURTH AFFIRMATIVE DEFENSE

Under the PLRA, prisoners are required to exhaust administrative remedies as a prerequisite for an action under 42 U.S.C. § 1983, and thus this action is barred for failure to exhaust.

### FIFTH AFFIRMATIVE DEFENSE

To the extent this action seeks money damages from the defendants in their official capacities it is barred by the Eleventh Amendment to the United States Constitution. Additionally the Department of Correction is not a person under 42 U.S.C. §1983.

### SIXTH AFFIRMATIVE DEFENSE

At all times relevant to the complaint the defendants acted in an objectively lawful manner, in good faith within the scope of their employment and without knowledge they were in violation of any clearly established rights of the plaintiff, and thus they are entitled to qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

The claims raised in the plaintiff's complaint are barred by res judicata, collateral estoppel, and/or are moot.

### NINTH AFFIRMATIVE DEFENSE

Any injury or harm, if any, was caused solely by plaintiff's own acts, omissions, or conduct and was not due to any wrongful conduct by the defendants.

### TENTH AFFIRMATIVE DEFENSE

To the extent plaintiff raises state law claims, they are barred by sovereign immunity, mootness, and the fact that plaintiff is not a Connecticut prisoner, not incarcerated in Connecticut, and is barred by Conn. Gen. Stat. §4-165. See Ruling and Order [Doc. #36]. To the extent they are not completely disposed of by this Court's Ruling and Order, they are nevertheless barred as a matter of law, and/or the court should decline to exercise supplemental jurisdiction over unsettled issues of state law.

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
E-Mail: steven.strom@po.state.ct.us
Federal Bar #ct01211

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following this _____ day of May, 2005:

John Allen, #287059
Red Onion State Prison
P.O. Box 1900
Pound, VA 24279

                                                                                                  _____
                                                                                                  Steven R. Strom
                                                                                                  Assistant Attorney General