UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ALLEN | : | CIVIL NO. 3:02CV1818(DJS) (TPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | SEPTEMBER 11, 2007 |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO FILE THE PRO SE TRIAL MEMORANDUM
AND MOTION FOR TELEPHONIC STATUS CONFERENCE**

Defendants respectfully seek a 45 day extension of time until November 1, 2007 to file the pro se prisoner's Pro Se Pre-Trial Memorandum in response to the Defendants' Trial Memorandum, which will be filed by no later than September 14, 2007. Undersigned counsel represents this is the first request for an extension of time. Importantly, undersigned counsel did not receive the court's electronic Order, but only was notified electronically that a trial memorandum was due September 14, 2007. Undersigned counsel duly noted the date of September 14, 2007 on the calendar writing, " John Allen trial brief due." Undersigned counsel was unaware that the defendants' memorandum should have been prepared and sent to the pro se plaintiff at his present place of incarceration in Hawaii by July 20, 2007. This oversight was totally inadvertent and due to the lack of electronic notification from the court, and the lack of any paper order being mailed by the court.

Undersigned counsel represents that the Defendants' Trial Memorandum, except for the jury instructions, is about 90% complete and will be mailed to the plaintiff by no later than September 14, 2007. The defendants further respectfully notify the Court that the plaintiff is incarcerated in Hawaii, and he has not contacted either the undersigned attorney or the court for

more than 6 months. Plaintiff cannot be transported back to Connecticut, unless under a writ of habeas corpus directed to the United States Marshal Service and at the expense of the court. Plaintiff is not a Connecticut prisoner and the defendants have no legal authority or ability to return the plaintiff to Connecticut. Thus, due to the costs and expenses of this potential lengthy prisoner transport, the court should schedule a telephonic status/settlement conference to determine if these cost, burdens and security risks associated with such prisoner transportation might be avoided.

    Wherefore, in view of the foregoing the defendants respectfully request that the motion be granted.

DEFENDANTS
Theresa C. Lantz, Et. Al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:  /s/_____
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct01211
E-Mail: steven.strom@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 11TH day of September, 2007:

John Allen,  HI AO116769
Halawa Correctional Facility
99-902 Moannlua Rd
Aiea, HI 96701

                                                      /s/_____
                                                      Steven R. Strom
                                                      Assistant Attorney General