UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ALLEN | : | CIVIL NO. 3:02CV1818(DJS) (TPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | SEPTEMBER 13, 2007 |

## DEFENDANTS' PRELIMINARY JURY CHARGE

Based on O'Lone v. Shabazz, 482 U.S. 342, 348-349 (1987) the defendants respectfully claim that plaintiff must prove by a preponderance of the evidence that the defendants' policies and practices are not reasonably related to legitimate objectives for managing the prison.

First, "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison."[1] Inmates clearly retain protections afforded by the First Amendment, Pell v. Procunier, 417 U.S. 817, 822 (1974), including its directive that no law shall prohibit the free exercise of religion. See Cruz v. Beto, 405 U.S. 319 (1972) (per curiam).

Second, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."[2] The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives -- including deterrence of crime, rehabilitation of prisoners, and institutional security.[3]

In considering the appropriate balance of these factors, you are instructed that evaluation of penological objectives is committed to the considered judgment of prison

---

[1] Bell v. Wolfish, 441 U.S. 520, 545 (1979). See Turner v. Safley, ante, at 84; Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977).
[2] Price v. Johnston, 334 U.S. 266, 285 (1948).
[3] Pell v. Procunier, supra, at 822-823; Procunier v. Martinez, 416 U.S. 396, 412 (1974).

administrators, "who are actually charged with and trained in the running of the particular institution under examination." [4] To ensure that courts afford appropriate deference to prison officials, prison regulations alleged to infringe constitutional rights are judged under a "reasonableness" test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights.[5] You are instructed that you should apply the following standard: "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." [6] Your approach must ensure the abilityof corrections officials "to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration," you should avoid unnecessary intrusion of your evaluation of the situation with the benefit of 20/20 hindsight into problems particularly ill suited to resolution by the courts. Instead, you should afford proper deference to the judgment of experienced correction officials. [7]

                                       DEFENDANTS
                                        John Armstrong, et al.

                                       RICHARD BLUMENTAHAL
                                       ATTORNEY GENERAL

                                By: /s/_____
                                  Steven R. Strom
                                  Assistant Attorney General
                                  110 Sherman Street
                                  Hartford CT 06105
                                  Tel: (860) 808-5450
                                  Fax: (860) 808-5591
                                  Federal Bar No. ct 01211

---

[4] Bell v. Wolfish, supra, at 562. See Turner v. Safley, ante, at 86-87.
[5] See, e. g., Jones v. North Carolina Prisoners' Labor Union, Inc., supra, at 128.
[6] Turner v. Safley, ante, at 89.
[7] Shabazz at 349-350 citing to Procunier v. Martinez, supra, at 405. See also Turner v. Safley, ante, at 89; Bell v. Wolfish, supra, at 548. Procunier v. Martinez, supra, at 405. See also Turner v. Safley, ante, at 89; Bell v. Wolfish, supra, at 548.

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this _____ day of September, 2007, to:

John Allen
Halawa Correctional Facility
99-902 Moannlua Rd
Aiea, HI 96701

                                                              /s/_____
                                                            Steven R. Strom
                                                            Assistant Attorney General